## ST. LOUIS & S. F. R. CO. v. MURRAY.

No. 4985.  Opinion Filed July 20, 1915.

(150 Pac. 884.)

1.  **EVIDENCE—Hearsay Evidence.** In an action for the recovery of damages for the burning of a meadow, it is error to permit the section foreman of the railroad to testify that certain parties had told him that defendant's engine had set out the fire, such evidence being hearsay.

2.    **TRIAL—Objections to Evidence—Motion to Strike.** Counsel moved "to strike testimony of the witness along that line, for the reason that it is incompetent, irrelevant, and immaterial." **Held**, the motion was too indefinite to advise the court what evidence was desired to be stricken.

3.    **TRIAL—Reception of Evidence—Limiting Consideration.** Where evidence may be admissible upon a certain point only, it is the duty of the court to advise the jury that they should consider such evidence on that point only.

(Syllabus by Mathews, C.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by R. L. Murray against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*V. B. Hayes* and *W. E. Utterback,* for defendant in error.

Opinion by MATHEWS, C. This was an action tried in the county court of Bryan county on appeal from the justice of the peace court. The parties will be designated here as in the lower court. Plaintiff sued to recover damages for the burning of a hay meadow, alleged to have been set on fire by sparks escaping from defendant's engine. From a judgment in favor of plaintiff, defendant prosecutes its appeal to this court.

The defendant has assigned several errors, but we find it necessary to pass upon one only, as the case will have to be reversed, and it is not probable that the other questions presented will arise on a retrial.

During the trial of the case upon the cross-examination of a witness, who was the section foreman for de-

fendant on its road near where the fire occurred, the following evidence was admitted:

"Q. Did you have any knowledge of that fire—how it started? · A. Not at that time. Q. What time are you talking about? A. The time I went to the place where the fire started. Q. At the time you made your report did you have any knowledge of how this fire started? A. No; only what other people said. Q. What who said? A. Mr. Thompson and. I. P. Manley and Collins or Holins, whatever his name was, and McPherson. Q. How did they tell you it occurred? (Objection by defendant as incompetent, irrelevant, and immaterial. Objection overruled. Exception.) A. Part of them, I. P. Manley, told me that the train did not set it, and those other fellows told me it did set it. Q. One man told you that the train did not set it, nad how many told you the train did set it? A. Three. (Defendant moves to strike testimony of the witness along that line for the reason that it is incompetent, irrelevant, and immaterial. Objection overruled. Exception.)"

. Defendant contends that this evidence was incompetent for any purpose. Plaintiff contends: (1) That no proper objection was made to the introduction of this testimony, and that the motion to strike the testimony was too indefinite to advise the court just what should be stricken.

If no other objection had been interposed to the evidence except the motion to strike, plaintiff's contention would be correct, for it is the duty of counsel during a trial to be specific in his objections and not leave anything to surmise or conjecture, and in this case counsel should have pointed out specifically what evidence and how much thereof his motion went to, but defendant did interpose an objection aimed at the most prejudicial part of the evidence, as follows:

"Q. How did they tell you it occurred? (Objection by defendant as incompetent, irrelevant, and immaterial. Objection overruled. Exception.) A. Part of them, I. P. Manley, told me that the train did not set it, and those other fellows told me it did set it."

This evidence is hearsay, pure and simple, and plainly prejudicial.

Plaintiff contends: (2) That this evidence was given on cross-examination, and that the source of information of the witness was being inquired into as to what effort he made to find out the cause of the fire before he made his report. While we do not by any means admit the evidence would be admissible for that purpose even, yet, conceding that fact, it nowhere appears that the court instructed the jury that they should consider the evidence for that purpose alone.

Plaintiff next contends: (3) That defendant virtually concedes in its brief that the fire was caused by the defendant. We have been unable to find any such admission in the brief. It is true it has not been assigned as error that the evidence is not sufficient to support the verdict, but mere silence on the point cannot be construed as a positive admission. There is evidence sufficient to support the verdict, but, in view of the fact that the evidence is sharply and directly conflicting, can we say that the jury would have arrived at the same conclusion if the incompetent testimony had not been admitted?

Plaintiff presents three witnesses who testify positively that, while they were eating dinner between 12 and 1 o'clock, they saw a train pass near by, and within a very short space of time they observed the fire spring up near the track, which fire destroyed plaintiff's grass.

St. Louis & S. F. R. Co. v. Murray.

Defendant presents the train dispatcher of that division, the telegraph operator, and the section foreman, who swear equally as positively that no train passed over this road from 9:45 a. m. until after 5 p. m., and, in addition, seven other witnesses, residing in the vicinity of the fire, who each detail circumstances conflicting with plaintiff's evidence. But there is no conflict upon the point that the fire started between 12 and 1 o'clock, and that it was a windy day, and that the fire spread rapidly.

It will be observed that the plaintiff was permitted to elicit from the section foreman, who investigated the fire, the information that three parties had told him that the train did set the fire out. It is difficult to conceive a case wherein hearsay evidence would be more prejudicial than is here presented. As said before, the point upon which the hearsay evidence was admitted was the only contested point in the case, and the evidence presented on each side diametrically conflicts. Under no condition could the conflict be reconciled, and the jury had to reject the whole evidence presented by one side or the other. We are also unable to find that the evidence complained of had been permitted to be introduced elsewhere in the trial without objection, except in the question following the one under consideration, when the witness answered "three" to the question propounded by plaintiff as to how many parties had told him the train set out the fire. The defendant here made an indefinite motion to strike, which must be held went to the question and answer just preceding the motion to strike.

For the reasons given, the judgment should be reversed and remanded for a new hearing.

By the Court: It is so ordered.