## HOWARD v. REELING.

No. 16719—Opinion Filed Dec. 7, 1926.

(Syllabus.)

**Appeal and Error—Reversible Error—Hearsay Evidence.**

The admission of hearsay evidence, which is calculated to mislead the jury and prejudice the rights of the litigant against whose interest such hearsay evidence is admitted, constitutes reversible error.

Error from District Court, LeFlore County; D. C. McCurtain, Judge.

Action by Jake Reeling against Henry Howard. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

White & Reid, for plaintiff in error.

Lunsford & Windham, for defendant in error.

PHELPS, J. Jake Reeling, defendant in error, bought an automobile from Henry Howard, plaintiff in error, who warranted the title thereto. It was afterwards claimed that the automobile was a stolen car, to which Howard had no title, and Reeling filed his action in the district court of LeFlore county for judgment against Howard for $600, the purchase price. Upon trial Reeling prevailed, and Howard prosecutes this appeal.

The petition in error presents and counsel argue a number of assignments of error, only one of which, however, is necessary for a disposition of this appeal, to wit: That the court erred in admitting, over the objection of plaintiff in error, incompetent, irrelevant, immaterial, and hearsay evidence.

Reeling was permitted by the court to testify that about three months after he bought the automobile he left it in a garage at Fort Smith, Ark., to be repaired, and when he returned for it the garage man informed him that the car was a stolen car and refused to allow him to take it, but, instead, took him to the chief of police of Fort Smith, and the court permitted him to delineate the conversation had between himself and the chief of police, in which another man purporting to be an officer from Little Rock participated. It appears that the garage owner turned the automobile over to a representative of an insurance company, who claimed that his company was the owner of the car because it had become liable for and paid the original owner on an insurance policy issued by said company insuring the car against loss by theft, and this witness was allowed to testify as to a conversation had between himself and an operative of the Department of Justice and the auto dealer who claimed to have sold the car originally to the man from whom it was alleged to have been stolen. To all of these conversations Howard strenuously objected upon the grounds that he was not present, was not a party thereto and should not in any way be bound thereby. This constituted practically all the evidence introduced.

It further appears that the man from whom the car was alleged to have been stolen was not present, and practically all the evidence offered and received as to the claim that the car was a stolen car was hearsay, and therefore incompetent, and its admission was so manifestly prejudicial error that an extended discussion of the evidence or citation of authorities is unnecessary. Jackson v. Thornton, 8 Okla. 331, 58 Pac. 951; Meek v. Daugherty, 21 Okla. 859, 97 Pac. 557; Bash v. Howald, 27 Okla. 462, 112 Pac. 1125; St. Louis & S. F. R. Co. v. Murray, 50 Okla. 64, 150 Pac. 884; Ferriman v. Turner, 99 Okla. 277, 227 Pac. 443.

The judgment of the district court is therefore reversed, with instructions to grant a new trial.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON and HUNT, JJ., concur.

Note.—See 4 C. J. p. 999, §2981; 22 C. J. p. 199, §166.