## WRIGHTSMAN PETROLEUM CO. v. SCHWARTZ et al.

No. 20720.   Opinion Filed March 1, 1932.

Rehearing Denied April 26, 1932.

O'Connor, Marshall & Cobb, for plaintiff in error.

Humphrey & Campbell and O. M. Oakes, for defendants in error.

CULLISON, J.   Plaintiffs instituted suit to recover upon an alleged oral contract for services rendered to defendant.

The case was tried to a jury and resulted in a verdict for plaintiffs. Parties will be referred to as they appear in the lower court. The record discloses that defendant owned two oil and gas leases located in Seminole county, Okla. One lease covered 40 acres and the other covered 120 acres. The land covered by said leases was contiguous. The oil and gas leases on said property would expire within a short time and plaintiffs entered into negotiations with defendant relative to drilling a test well on one of said leases.

Plaintiffs and defendant entered into an oral contract that defendant would give an undivided one-half interest in the 120-acre oil and gas lease for the drilling of a test well upon said tract and that plaintiffs would procure contributions from adjacent lease owners and drill said well or secure some reliable person to drill said well.

Under said agreement, plaintiffs canvassed the different oil companies holding acreage close to the lease on which the well was to be drilled relative to the amount of contribution each company would make to aid in drilling said well. Plaintiffs spent some time interviewing the different oil companies upon said proposition, but were not able to secure sufficient funds with which to drill a well upon a one-half interest in the 120-acre lease.

Some two months later plaintiffs had an interview with defendant, at which time a new oral agreement (second contract) was entered into whereby, plaintiffs claim, defendant agreed to pay plaintiffs $2,000 commission and assign an 80-acre lease in order to procure a reliable party to drill said well.

Plaintiffs allege that they have complied with their part of the contract, but that defendant refused to pay the amount due. Defendant denies that any amount of com-

mission was due, because the proposition under which defendant offered to pay commission was never consummated.

The case was then tried to a jury and resulted in a verdict in favor of plaintiffs, from which judgment defendant appeals. Defendant sets out four specifications of error in its brief. The third specification thereof is decisive of this case. Said third question of error is that the court erred in the admission of hearsay evidence given at said trial.

At the trial of said cause the following proceedings were had:

"By Mr. Campbell: Q. You did go to the Sinclair Oil & Gas Company? A. Yes, sir. Q. Did you discuss with them the matter of how much the Sinclair would contribute to the drilling of this well as dry hole money? A. Yes, sir. Mr. Marshall: We object to that as incompetent, irrelevant, and immaterial, and move the answer be stricken. The Court: Overruled. Mr. Marshall: Exception. By Mr. Campbell: Q. With whom did you talk? A. Dolph Johnson and Herb Smith. Q. Do they have any connection with the Sinclair Oil & Gas Company? A. Yes, sir. Q. What did they say with reference to this matter? Mr. Marshall: We object to that as incompetent, irrelevant and immaterial. The Court: Objection overruled. Mr. Marshall: Exceptions. A. They said they would give $7,500. By Mr. Campbell: Q. Now, another one with whom you took the matter up? A. Tom Slick. Q. Did you see Tom Slick personally? A. Yes, sir. Q. What did he say with reference to the making of a contribution to the drilling of this well of dry hole money? Mr. Marshall: To which we object as incompetent, irrelevant, and immaterial, and hearsay. The Court: Overruled. Mr. Marshall: Exceptions. A. He said 'Go ahead and work up the deal', and said 'when they get ready, come around and I will give you $5,000'. Mr. Marshall: We move that answer be stricken as not responsive to the question. The Court: Overruled. Mr. Marshall: Exceptions. * * * By Mr. Campbell: Q. Name another one that you talked with about making contribution of dry hole money? A. Barnsdall Oil Company. Q. With whom did you talk? A. Mr. Reecer. Q. What did Mr. Reecer say about contributing dry hole money to the drilling of this well? Mr. Marshall: Objected to as hearsay and incompetent, irrelevant, and immaterial. The Court: Objection overruled. Mr. Marshall: Exceptions. A. He said if we would wait 60 days he would come through."

The hearsay testimony set out above consists of statements and conversations had with the representatives of the different oil companies during the time plaintiffs were attempting to secure contributions in order to drill the well on the undivided interest in the 120-acre lease.

At the time they were discussing the matter with the different companies there was no proposition in existence between plaintiffs and defendant whereby the $2,000 commission was to be paid upon the happening of a certain event.

Plaintiffs were engaged in promoting a well to be drilled upon the 120-acre lease held by defendant company. But said contract was never consummated and the well was never drilled under the terms of the first oral agreement.

Later plaintiffs and defendant entered into a new agreement, an entirely different agreement to the former one, and it is under the latter agreement that the suit at bar was filed.

At the time of said conversations there was no employment existing between plaintiffs and defendant. But plaintiffs were acting in a business enterprise entirely in their own interests.

Later a new contract was entered into between plaintiffs and defendant, and in the trial of a controversy arising under the latter contract plaintiffs introduced the testimony in question, which conversations arose long prior to the entering into of the contract which is the basis of this suit.

The pertinent parts of the testimony as enumerated are wholly hearsay, and there was no such relation existing between plaintiffs and defendant at the time said statements were uttered as to permit said statements to be introduced in evidence.

The defendant objected to said evidence and saved proper exceptions to the ruling of the court so as to preserve said question for review in this court, and after a careful consideration of said evidence and the rulings of the trial court thereon, we conclude that the trial court committed error in its rulings on the admission of said evidence.

Where hearsay evidence is introduced which would tend to mislead the jury in determining the issues in said cause, and said evidence is objected to by the opposing party, this court will reverse said cause upon review unless it is apparent that said evidence had no influence upon the jury. Howard v. Reeling, 122 Okla. 101, 251 P. 495; C., R. I. & P. Ry. v. Boring-Kim Produce Co., 57 Okla. 495, 157 P. 351; C., R. I. & P. Ry. Co. v. Foltz, 54 Okla. 556, 154 P. 519.

After a full and careful consideration of the record in said cause and authorities cited in support thereof, we find that the admission of the hearsay testimony offered by plaintiffs and objected to by defendant, was prejudicial error, and that said cause should be reversed for further proceedings not inconsistent with this opinion.

LESTER, C. J., CLARK, V. C. J., and ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, HEFNER, and SWINDALL, JJ., absent.