## McBEE et al. v. DENNIS.

No. 33709.    Feb. 13, 1951.

Rehearing Denied March 27, 1951.

229 P. 2d 179.

Alpheus Varner and Babb & Babb, Poteau, and Brown, Darrough & Ball, Oklahoma City, for plaintiffs in error.

C. C. Williams, Poteau, and E. O. Clark, Stigler, for defendant in error.

HALLEY, J. The positions of the parties were reversed below. They will be referred to as they appeared in the trial court.

The Central Life Insurance Co. of Fort Scott, Kansas, owned a 262.67-area tract of land in secs. 1 & 2 in twp. 6 north, range 25 east, in LeFlore county, Oklahoma, in the valley of the Poteau river. The plaintiff had lived on this land as a boy. It was subject to overflow, and while a part of it had been cleared at one time, it had been permitted to grow up in underbrush. The plaintiff heard that the land was owned by the insurance company and decided to buy it, so he went to the defendant G. C. McBee, who he understood was the representative of the insurance company, and told him that he wanted to buy the land. McBee replied that he did not know whether or not the land was for sale, but that the plaintiff could enter into a rental contract for the land, and that he, McBee, would communicate with the insurance company and find out the value of the land, and they would then go ahead with proceedings whereby the plaintiff could buy the land.

It appears from the plaintiff's evidence that the defendant McBee never did obtain from the insurance company a price on the land, and although plaintiff frequently asked McBee to get the price for him, McBee would give the excuse that the company probably did not want to sell the land, or some other excuse, but that when they did get around to selling it, he would see that the plaintiff was protected and had first chance to buy the land.

It was further testified, either by plaintiff or in his behalf, as follows: That plaintiff entered into lease contracts for this land annually for the years 1940 to and including 1945. He paid the rental which was agreed upon, except for $75, which was part of the rental for 1945. The plaintiff expended a great deal of time and money improving the property so that rice could be grown upon it. In 1945, he went to California to work, but sent money back to make the payments that he was required to make under the contract, evidencing an intention to keep himself in position to buy the land. When he came back to Oklahoma in 1945, he learned that the land was being purchased by someone else, and he went to the home office of the insurance company in Fort Scott, Kansas, and from them learned that the land had been contracted to be sold to Henry Best, a stepson of G. C. McBee, and from the undisputed evidence the land was being bought for the benefit of G. C. McBee, in the name of Henry Best. The price that Best was required to pay for the land was $2,500. The insurance company executed a special warranty deed to Henry Best on April 29, 1946, covering the land in question, and on May 24, 1947, Henry Best and his wife conveyed the land by warranty deed to Leo Best, a brother of Henry Best, and Grace Louise Best, his wife. The deed to Leo Best and wife was executed after this lawsuit was filed.

The plaintiff testified that he paid $1,650 as rental on the property, which he claimed should be credited on the purchase price of the land; and he also testified that he had made valu-

able and lasting improvements on the real estate which cost him, in work, material, labor and wages, a total of $3,210, making a total that he had paid out by virtue of misrepresentations to him by the defendant McBee of $4,860, and that he had netted from his crops approximately $1,000; and he sued in the amount of $3,860 under his second cause of action, and this was the amount the jury awarded him.

The plaintiff based his suit on two causes of action. The first was for $5,000 for damages he had sustained by reason of the fact that he did not acquire title to the land in question. The jury denied any recovery on this first cause of action, but their verdict was for the plaintiff on his second cause of action, which was for the money and labor that he had expended on the property, together with the money paid under the lease contracts and option agreements. The plaintiff stated that he would not have paid out this money and made these improvements had it not been his belief that he would eventually get the land, and that this belief was based upon the statements of the defendant McBee.

McBee claimed that the plaintiff was only a tenant, and that at no time did he ever promise him that he would inquire of the insurance company as to the price at which plaintiff could buy the land; that he bought the land in the name of Henry Best and withheld a commission fo five per cent for the sale of the property. That he would have been willing to go ahead and sell the land to the plaintiff if they could have made a satisfactory arrangement about the price, but that the plaintiff no longer desired to lease the land, or to buy the land, after 1945. He further testified that the land had been disposed of to Leo Best and that he no longer had any right, title, or interest in it.

Each of the defendants demurred to the petition of the plaintiff, which demurrers were overruled.

The plaintiff's petition, as amended, fails to state a cause of action against either Henry Best or Leo Best, and the trial court plainly erred in overruling their demurrers to the petition, and the action of the trial court in this respect is reversed, with directions to dismiss the case as to Henry Best and Leo Best.

The defendants charge that hearsay testimony was admitted in evidence. Clearly the testimony of the plaintiff that he was told in Fort Scott by one of the officers of the insurance company that they had listed the land with McBee at $2,500 is pure hearsay. This is reversible error under our holding in Wrightsman Petroleum Co. v. Schwartz, 157 Okla. 22, 10 P. 2d 695. We cannot say that the jury was not influenced by this testimony.

The defendants contend that the court erred in giving instructions Nos. 3, 4, 5, and 6. Instruction 3 is substantially the defendants' requested instruction 1, with some omissions, but we think it would have been better to give the instruction as requested. No error can be claimed in instruction 4, because the jury refused to return a verdict for the plaintiff on his first cause of action, and that instruction dealt with the first cause of action. Any error in instruction 5 is no longer important due to the fact that the action against Henry Best and Leo Best is being dismissed. Instruction 6 is apparently a stock instruction on the burden of proof and the preponderance of evidence, and we see nothing wrong in that instruction, nor is it pointed out in the briefs.

The defendants maintain that the court committed reversible error in refusing to give requested instructions 1,

2, and 3. These requested instructions were as follows:

"Instruction No. 1.

"You are instructed that in this case the plaintiff seeks to recover a judgment because of alleged fraud by the defendant, G. C. McBee. You are further instructed that the burden is on the plaintiff to prove the alleged fraud by a fair preponderance of the evidence. You are further instructed that to constitute actionable fraud it must be proved:

"(1) That the defendant made a material representation;

"(2) That it was false;

"(3) That when the defendant made it he either knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion;

"(4) That he made it with the intention that it should be acted upon by plaintiff;

"(5) That plaintiff acted in reliance on it;

"(6) That plaintiff thereby suffered injury; and

"(7) That all of these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist, and the absence of any of them is fatal to the plaintiff's right to recover a judgment.

"Instruction No. 2.

"You are instructed that in this case the burden is on the plaintiff to prove the allegations made in his petition as summarized above by a fair preponderance of the evidence. In this connection you are further instructed that fraud is never presumed, but must be established by clear, satisfactory and convincing evidence.

"Instruction No. 3.

"In this connection you are instructed that the plaintiff in this case claims that he has been defrauded by the acts and conduct of the defendant, G. C. McBee, and you are instructed that fraud cannot be inferred from facts consistent with honesty of purpose and where fraud is alleged it must be proved by clear, cogent, convincing, positive and satisfactory evidence, which preponderates to the degree of overcoming all opposing evidence and repelling all presumption of good faith."

As we have previously stated, instruction 1 was given, substantially, but we believe it should have been given as requested. This instruction was framed from the statements made in Johnson v. Caldwell, 180 Okla. 470, 71 P. 2d 620, and it is a correct statement of the law and a proper instruction. Instructions 2 and 3 are proper and should have been given, and in our opinion it was reversible error not to do so. These instructions were framed from cases found in Oklahoma Digest under Key No. 58(1), among which are Jander et al. v. McNeill, 169 Okla. 433, 43 P. 2d 1022; Cromwell v. Ream, 175 Okla. 408, 52 P. 2d 752; Pugh-Bishop Chevrolet Co. v. Duncan, 176 Okla. 310, 55 P. 2d 1003; and Brotherhood of Railroad Trainmen v. Brown, 180 Okla. 489, 71 P. 2d 742.

This case is reversed and a new trial granted as to the defendant G. C. McBee, on the second cause of action alone, and with instructions to dismiss as to Henry Best and Leo Best. This being a law action, the trial court was without authority to declare a lien against this real estate. The judgment will become a lien under 12 O. S. 1941 §706.

ARNOLD, C.J., and WELCH, CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. LUTTRELL, V.C.J., and O'NEAL, J., dissent.