## BROOKS & DAHLGREN, Inc., et al. v. DOLLAR et al.

No. 22689. Opinion Filed April 5, 1932.

Clayton B. Pierce, A. J. Follens, and Fred M. Mock, for petitioners.

A. P. Murrah, Luther Bohanon, and M. F. Boddie, for respondents.

LESTER, C. J. This is an original action brought to review an award of the State Industrial Commission.

The record in this case discloses that the respondent, Herman Dollar, was employed by Brooks & Dahlgren, paving contractors, as a common laborer. It appears that he had worked for this employer one full day and part of another, when the accident occurred. The evidence shows that the respondent appeared for work on the 15th of April, and that he and others were placed in a car of

loose cement for the purpose of unloading same for the use of his employers in the construction of a certain highway; that the respondent worked in said car up until noon of that day, at which time it was admitted by the respondent that he, his boss, and two negroes took a drink of whisky; that thereafter he went to lunch and came back again, resuming his work in shoveling cement from the car to the conveyor; that inside the car, where claimant worked, there was but a small amount of fresh air, and while he was engaged in carrying on this duty he became overheated and fell face down into the cement; that as a result of this overheat and falling in said cement, he received injury to his eyes.

It was the contention of the petitioners before the Commission, and is their contention here, that the injury to the respondent was not due to overheat, but was due to intoxication of the claimant, and they offered their evidence to support this contention. The petitioners assign several specifications of error, only one of which is necessary for a determination of this action:

"The finding by the Industrial Commission that the injury complained of was not the result of or caused by the intoxication of the claimant, but resulted from overheating, is not supported by reasonable and competent evidence."

We find from the record that the petitioners introduced several witnesses who testified as to the respondent's condition, and that in their opinion the respondent was intoxicated at the time of his injury. The respondent testified that he was not intoxicated, although he had one drink of whisky, and we also find the testimony of Dr. G. R. Gregg, who testified for the respondent and was the first physician to examine the respondent some 30 minutes after the accident. This witness testified, in part (R. 110):

"Q. What was the purpose of his being in your office? A. He came in there as a patient. Q. Did you know at that time what his trouble was—at the time you saw him? A. Well, my idea, or my diagnosis was, he was overheated. Q. Did you examine him? A. Yes, sir, I did. Q. What was his trouble? A. Well, I thought he was overheated myself, that was my diagnosis. Q. I will ask you if at that time he was suffering with any cement in his eye? A. He had some cement in his eyes. I was out of the office when he first came in, and when I returned to the office some one had cleaned most of it out of his eyes, but he complained of it."

This same witness testified again, as shown on page 115 of the record:

"Q. In your opinion, was this man suffering from an alcoholic condition? A. No, sir."

It appears that the foreman of the petitioners, Brooks & Dahlgren, was present while the claimant was at work at the time it is claimed the respondent was intoxicated, and it occurs to us that if the claimant was intoxicated to the extent claimed by some of the witnesses the foreman would not have permitted him to continue on the work while in such intoxicated condition.

This court has repeatedly held that in a proceeding to review an award of the State Industrial Commission, such proceeding is to review errors of law and not of fact, and where there is any competent evidence reasonably tending to support the findings of the Commission, the same will not be disturbed on review.

Award affirmed.

CLARK, V. C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, CULLISON, and ANDREWS, JJ., dissent.