**HAYNES BROS. DRILLING CO. et al.
v. COIN et al.**

No. 23258.   Opinion Filed May 16, 1933.

W. J. Holloway and Pierce, Follens & Rucker, for petitioner.

Leo J. Williams and M. J. Parmenter, for respondent.

SWINDALL, J. This is an original proceeding in this court to review an award of the State Industrial Commission made and entered on December 10, 1931, in favor of the claimant, C. E. Coin, and against Haynes Brothers Drilling Company and the Southern Surety Company, in the sum of $1,375.

The record discloses that claimant sustained an accidental personal injury arising out of and in the course of his employment on September 8, 1926, while in the employ of Haynes Brothers Drilling Company. The Commission issued its order for a medical examination of claimant, and Dr. John Riley made an examination. The doctor stated in his report that he could not find any permanent disability. An agreed statement of facts filed by the employer and the employee and the adjuster for the insurance carrier was filed with the State Industrial Commission on December 23, 1926, in which it is stipulated that the injury occurred September 8, 1926; disability ended November 28, 1926; nature of injury, fracture of tibia of right leg; extent of disability, temporary. The employer paid claimant $198 for temporary total disability. This settlement was approved by the Commission and the case marked closed. Thereafter, in 1931, the claimant filed a motion to re-

open his cause and award him further compensation for a permanent disability. The Commission set the cause for hearing on this motion, and each party appeared at the time and place designated for hearing, and on December 10, 1931, the Commission made its finding of facts: (1) That the claimant was injured in a hazardous employment; (3) that claimant had received compensation for temporary total disability as per stipulation and receipt filed with the Commission on December 20, 1926; (4) that as a result of said injury, claimant has sustained a permanent partial disability of 5 per cent. loss of vision in his right eye, 15 per cent. loss of use of left leg, and 5 per cent. loss of use of right hand, and permanent disfigurement in the nature of scars on face and hand, and awarded claimant $1,125, for permanent partial disability, and $250 for disfigurement, making a total award of $1,375.

Petitioners in their petition to review said award alleged ten specifications of error, but confined their discussion to the last three thereof; that claimant should be denied compensation for the reason that, had he accepted and taken each of the medical treatments offered by his employer, he would not have any permanent disability; that where a cause is submitted and settled upon a stipulation and receipt, the same becomes final and cannot thereafter be reopened, except upon the grounds of a change in conditions; and that where a case is settled upon a stipulation and receipt and an order thereon made by the Commission, any further claim must be made within one year after the payment of compensation ceases or the same shall be forever barred.

Relative to the first proposition, it is settled law in this state that the claimant must offer competent testimony that his permanent partial disability was the result of the original accidental injury. Claimant here offered such evidence, and while there is a dispute relative to the cause of the permanent partial disability, the Commission found the facts in favor of the claimant, and there being some competent evidence to sustain the finding of the Commission, we are bound by such finding.

Upon the second proposition, we cannot agree with the contention of the petitioners. The only issue for the Commission to determine on the agreed statement of facts, stipulation, and receipt, relative to the nature and extent of the injury, was temporary total disability. The Commission by its findings of fact determined this issue and made an award in favor of claimant for temporary total disability only. Thereafter, the claimant would not be entitled to recover further compensation for temporary total disability without producing competent evidence that there had been a change in his condition, resulting from the original injury after the date the agreed statement of facts was filed and presented to the Commission, but such agreed statement of facts does not preclude him from offering testimony to show that as a result of the original injury he has a permanent partial disability. The purpose of filing and presenting the agreed statement of facts to the Commission is to dispense with the necessity of taking evidence. If the agreed statement of facts in this case had stated there was no permanent partial disability, or if evidence had been introduced showing there was no permanent partial disability at the time this cause was first presented to the Commission, and the Commission had found there was no permanent partial disability, and no proceeding was commenced in this court to review such findings within the time allowed by law, then, upon a motion to review, the claimant would be required to produce evidence showing his change in conditions since the date such agreed statement of facts was filed, or evidence produced before the Commission upon that issue, to entitle him to an award for further compensation. But, the record in this case does not show that the issue relative to permanent partial disability was presented in the agreed statement of facts and determined by the Commission. Therefore, the Commission had the right and it was its duty to determine the same when presented. In the case of Loffland Brothers Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1097, the syllabus is as follows:

"'In a cause before the State Industrial Commission, where previous award has been made for temporary total disability, and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition' * * *

"'Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability as a specific injury, and thereafter same may subsequently become permanent partial disability for which compensation may be awarded.'

"Where it appears that the respondent

has sustained 25 per cent. permanent partial disability to his right hand and 5 per cent. permanent partial disability to his right leg, the percentage of loss to both hand and leg, as determined by the Commission, should be added together and divided by two; the quotient obtained should be used for computing the award upon the basis of 500 weeks under section 7290, C. O. S. 1921 (as amended by Laws 1923, c. 61, sec. 6)."

A number of former decisions of this court are cited in that opinion. We do not think it necessary to further discuss them in this case.

The third contention is without merit.

The award of the State Industrial Commission is affirmed.

RILEY, C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., dissents.