## COMMERCIAL CASUALTY INSURANCE CO. v. E. B. COOKE SERVICE STATION et al.

No. 24484. Sept. 12, 1933.

Ray Teague, Jas. C. Cheek, and Frank E. Lee, for petitioners.

Joe W. Whitten, Davis, Watt & Herring, and Arnold T. Fleig, for respondents.

WELCH, J. This is an original action wherein plaintiff seeks a writ of prohibition against the defendants E. B. Cooke Service Station, H. A. and J. C. Newbill, doing business as Newbill's, Kerr Dry Goods Company, American Cabinet & Register Company, Deep Rock Oil Corporation, City National Bank & Trust Company, State Industrial Commission of Oklahoma, composed of Thos. H. Doyle, Matt McElroy, and Fred Fannin, Commissioners, Joe E. Deupree, justice of the peace, J. Will Laws, justice of the peace, Leo B. White, justice of the peace, Carl Traub, justice of the peace, Cliff Myers, court clerk, district court, Oklahoma county, Okla., Lucius Babcock, T. G. Chambers, George W. Clark, Sam Hooker, R. P. Hill, judges of the district court of Oklahoma county, Okla.; Oklahoma State University, a corporation, Oklahoma State University Student Loan Association, a corporation, Dr. Dewey H. Walden, and W. J. Brock.

The petitioner is the insurance carrier for R. A. McArthur, Incorporated, under a workmen's compensation insurance policy. On December 26, 1930, W. J. Brock, while in the employ of R. A. McArthur, Incorporated, sustained an accidental injury within the terms of the Workmen's Compensation Law of this state, and after proper proceedings was awarded compensation by the State Industrial Commission. This award was contested, the employer and insurance carrier denying liability. After appeal and affirmance of the award by this court, the same became final. The said award fixed the amount of compensation, and further directed that the employer and insurance carrier "pay all medical and hospital bills incurred by claimant as the result of said accidental injury, and give claimant such treatment as his condition might require." This award became final on January 19, 1933, as evidenced by the award of the Industrial Commission of said date in pursuance of the mandate of this court.

Shortly after the January 19, 1933, order and award of the Industrial Commission, various creditors of Dr. Walden, who are made defendants herein, caused garnishment summons to be issued and served upon petitioner herein, upon several judgments which had theretofore been rendered in the various justice of the peace courts and in the district court of Oklahoma county. The judges and officials of said courts, and the various creditors above mentioned, are made parties defendant herein. Subsequent to the January 19, 1933, award of the Commission, and shortly prior to the issuance and service of garnishment summons, the petitioner herein entered into negotiations with Dr. Walden

as to the amount of the medical bill claimed by him by reason of his treatment of claimant after claimant's injury, which occurred on December 26, 1930. Dr. Walden and petitioner agreed upon the sum of $750, and petitioner was preparing to pay this sum to the doctor at the time of the issuance and service of the garnishment summons. The petitioner had at all times denied liability and had not authorized the claimant to procure the services of any physician at its expense. The petitioner had never at any time contracted with Dr. Walden for his services to the claimant.

After the issuance and service of the garnishment summons, petitioner filed its answer in the several cases, averring that the claimant, Brock, had paid the medical bill to Dr. Walden, and denying that it was indebted to Dr. Walden. Issue was taken to the garnishment answer in each case, and upon hearings the respective court in each case found that petitioner was indebted to Dr. Walden, and ordered the petitioner to pay various amounts into the respective courts in pursuance of the law relating to garnishment. It is admitted that at the time of the service of garnishment summons petitioner was not indebted to Dr. Walden in any manner, save and except by virtue of its liability under its Workmen's Compensation insurance policy, and the issue in the various garnishment proceedings was tried to the various courts upon that theory of liability or nonliability.

Subsequent to the issuance and service of the garnishment summons, and prior to the trial of the issues made on the several answers of the garnishee, the State Industrial Commission, after a hearing, and on, to wit, February 27, 1933, made and entered its order, wherein it found that the employer and insurance carrier had at all times denied liability for the injury sustained by claimant, and had failed to furnish medical aid and attention to claimant, and that therefore claimant was forced to procure and did procure such medical treatment from Dr. Walden, and that claimant became liable therefor and did pay to the said Dr. Walden the sum of $847, and that the employer and insurance carrier were liable to the claimant in said amount for said medical services. The Commission ordered therein that the employer and insurance carrier, which is petitioner herein, pay to the claimant the sum of $847 to reimburse the claimant for the money he had paid to said Dr. Walden on account of said medical treatment.

Petitioner is therefore faced with an order of the State Industrial Commission dated February 27, 1933, to pay to the claimant, W. J. Brock, the sum of $847, as reimbursement to the claimant for the medical expense in full, furnished to the claimant by Dr. Walden, and which the Commission found had been paid by the claimant. It is also faced with the several orders of the several courts, defendants herein, wherein it is required to pay into the various courts various sums of money which the said courts found that petitioner owed Dr. Walden, and all of the orders are based upon the liability of the petitioner under its Workmen's Compensation insurance policy. Petitioner now seeks a writ of prohibition prohibiting either the State Industrial Commission from enforcing its order to pay the amount to the claimant, Brock, or a writ of prohibition prohibiting the various courts, defendants herein, from enforcing their various orders requiring it to pay various amounts in garnishment proceedings. Under the Workmen's Compensation Law of this state, the State Industrial Commission is clothed with exclusive jurisdiction to find and determine all liability which may accrue in cases falling within the terms thereof when the employer has complied with the terms of said law. Section 13354, O. S. 1931, which is a portion of the Workmen's Compensation Law, provides:

"Whoever renders medical, surgical or other attendance or treatment * * * shall submit the reasonableness of the charges to the State Industrial Commission for its approval, and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured persons, and when so approved shall be enforceable by the Commission in the same manner as provided in this act for enforcement of compensation payments. * * *"

And further provision of the Workmen's Compensation Law, being section 13364, O. S. 1931, is as follows:

"* * * Claims for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4, of article 2, of this act (13354, O. S. 1931) shall not be enforceable unless approved by the Commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission."

An examination of the last-quoted section of the statute leads us to the conclusion that a claim for medical services rendered in pursuance of the Workmen's Compensation Law of this state, is not enforceable until the same has been approved by the State Industrial Commission. It therefore

follows that until a claim for medical services rendered in pursuance of said law is so approved, it is not a legal or binding obligation of the employer or the insurance carrier, and the employer or insurance carrier is not liable on any claim for medical expense until a claim therefor has been duly approved by the Commission.

Respondents contend that under the terms of the order and award of the Commission of January 19, 1933, wherein the Industrial Commission ordered the employer and insurance carrier "to pay all medical and hospital bills incurred by claimant as the result of said accidental injury, and give claimant such treatment as his condition might require," petitioner herein became indebted to Dr. Walden for the amount of his medical bill. Such is not the case, for, under the above-quoted section of the statute, the insurance carrier, petitioner herein, became indebted to no one for medical expenses until a claim therefor had been approved by the State Industrial Commission. The Commission had exclusive jurisdiction to determine the amount of the medical expense and the reasonableness thereof and the person to whom it should be paid, and the time and manner of payment, and before petitioner herein became liable to pay any medical bill under its policy, the same must have been approved by the Industrial Commission.

It therefore follows that at the time of the issuance and service of the garnishment summons herein, the petitioner was not indebted to Dr. Walden by virtue of its compensation insurance policy, and it is agreed that no other kind of indebtedness was involved. As a matter of fact, petitioner has never become indebted to Dr. Walden under its policy, for the reason that the Industrial Commission has never approved a claim of Dr. Walden, but, on the contrary, made its order approving the claim of Brock as reimbursement to him of the payment of the bill to Dr. Walden. We think it cannot be seriously questioned that the Industrial Commission had exclusive jurisdiction to make such a finding and order, and the same cannot be disturbed in this proceeding.

Respondents contend that petitioner herein should not be allowed the writ of prohibition by reason of its failure to enter a plea to the jurisdiction of the various courts in the garnishment proceedings, and cite State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 P. 407, and Russell v. Walker, 160 Okla. 145, 15 P. (2d) 114, which cases support the general rule that the writ of prohibition will not issue to restrain an inferior court from proceeding in cases unless a plea to the jurisdiction has been filed and overruled, or, at any rate, until lack of jurisdiction of the cause is called to the attention of the lower court in some manner. In the instant case we think that the pleadings clearly show that the various courts in the conduct of the hearings in the garnishment proceedings were fully informed of the status of the purported liability of petitioner, and that the attention of the various courts was thereby directed to sufficient uncontroverted facts to have enabled such courts to properly apply the law.

We then have the situation of the various courts, defendants herein, by their several orders undertaking to compel petitioner to make payments of its liability under its compensation insurance policy, in a manner and to persons in direct conflict with the order and directions of the State Industrial Commission, in a case where the State Industrial Commission has exclusive power and jurisdiction, and we hold that under the facts herein there is sufficient cause for the writ of prohibition to issue to the defendants E. B. Cooke Service Station, H. A. and J. C. Newbill, doing business as Newbill's; Kerr Dry Goods Company; American Cabinet & Register Company; Deep Rock Oil Corporation; City National Bank & Trust Co.; Jos. E. Deupree, justice of the peace; J. Will Laws, justice of the peace; Leo B. White, justice of the peace; Carl Traub, justice of the peace; Cliff Myers, court clerk, district court Oklahoma county, Okla., Lucius Babcock, T. G. Chambers, George W. Clark, Sam Hooker, and R. P. Hill, judges of the district court of Oklahoma county, Okla.; Oklahoma State University, a corporation; Oklahoma University Student Loan Association, a corporation; Dr. Dewey H. Walden and W. J. Brock, prohibiting them from in any manner proceeding to require of petitioner the payment of any sums of money by virtue of any purported liability by it to Dr. Walden under its compensation insurance policy, and by reason of the injury of the defendant, Brock. and it is so ordered.

CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and SWINDALL, J., absent.