### SMOCK v. BLAKE et al.

No. 24432.    Sept. 19, 1933.

Rehearing Denied Oct. 3, 1933.

S. J. Clay, for claimant.

Howe, Head & Wheeling, for respondents.

BUSBY, J. This is an original proceeding instituted in this court to obtain a review of a decision of the State Industrial Commission.

The petitioner in this proceeding was the claimant before the Commission. The decision complained of was entered on the 4th day of January, 1933. By it the claimant was denied relief against the sureties on a bond in the nature of a supersedeas executed in connection with a previous review of an award by this court.

A brief review of the history of this cause is as follows: On July 1, 1930, the claimant was awarded compensation, and one H. G. Blake was declared to be liable for the payment thereof. The award thus made was twofold in character, one portion of the same being for temporary total disability and the other portion for permanent partial disability. An original proceeding was instituted in this court to obtain a review of that decision and as an incident of the proceeding the bond required by chapter 30, S. L. 1929, was executed by H. G. Blake, as principal, and Herb Stalcup, Cloyd W. Parker, and C. A. Shaw, as sureties.

The questions involved in that proceeding were decided by this court (Blake v. Smock, 147 Okla. 281, 296 P. 750). The award for temporary total disability was affirmed. The award for permanent par-

186

tial disability was reversed and vacated. In the decision this portion of the award was found to be erroneous for two reasons: First, it was computed on the basis of 300 weeks; second, it was not based upon a loss of earning capacity.

On April 17, 1931, the State Industrial Commission, in compliance with the mandate of the Supreme Court, entered an order directing the payment of $238.54 temporary total disability. This has been fully paid.

This order was in compliance with that provision of chapter 30, S. L. 1929, which reads:

"Upon the final determination of said action in which the award or decision of the Commission is sought to be reviewed, the Commission shall make an order or decision in accordance with the judgment or decision of said court."

Approximately one year later (March 16, 1932) the State Industrial Commission, after hearing further testimony, determined that the claimant had suffered a loss of earning capacity as a result of permanent partial disability and awarded claimant compensation at the rate of $6 per week for a period of 300 weeks, subject to the continuing jurisdiction of the Commission to change such award on a change of claimant's condition.

It is proper to observe at this point that the previous award of the Commission for permanent partial disability was neither affirmed in whole nor in part, and that the subsequent award was based upon an entirely different theory, and finding, namely, a loss of earning capacity due to the disability suffered.

H. G. Blake sought to obtain a review of the latter award by this court, but his action herein filed was dismissed on motion of the claimant for failure to file a bond as a condition precedent to such action. 158 Okla. 204, 13 P. (2d) 113.

The claimant then invoked the jurisdiction of the State Industrial Commission to determine liability on the bond previously filed; requesting in the motion filed that the sureties on such be held liable for the award made for permanent partial disability. A hearing was had upon the motion and the decision was favorable to the sureties on the bond, the Industrial Commission deciding against the claimant for two reasons: First, that the award for temporary total disability (being the only portion of of the award affirmed by this court) had

been paid and the sureties were thereby exonerated. Second, that even though such liability could be properly claimed to have attached, the claimant was estopped from claiming this benefit, for the reason that he, the claimant, by asserting in this court on the second proceeding that no bond had been filed before the Commission, and thereby procuring a dismissal of the cause, was thereby estopped to assert later that the bond then on file rendered the sureties thereon liable for the award sought to be reviewed in the second proceedings. If either of the reasons given is sound, the decision must be affirmed.

The question arising in connection with the first reason given is settled by the decision of this court in the case of Union Indemnity Company v. Monroe Saling et al., No. 23873 (166 Okla. — 26 P. (2d) 217), in which it was decided that the only liability assumed under a bond executed pursuant to chapter 30, S. L. 1929, is to pay the award sought to be reviewed as affirmed by this court in the event the same be affirmed in whole or in part, and that the alternative provision of the statute reading: "Or on the further order of the Commission after the appeal shall have been decided by the Supreme Court," refers to the award required to be entered by the Commission by the subsequent portion of the statute first above quoted.

This wording in the statute does not refer to or contemplate an award subsequently made after further hearing by the Commission on an entirely different basis than the award vacated on review in this court.

The briefs in this cause were considered in connection with cause No. 23873, supra, and the opinion in that case, in so far as it deals with the questions involved herein, is controlling.

It may be observed that had the Commission entered an order upon receipt of the mandate determining the compensation of the claimant for permanent partial disability without the necessity of further hearing, a different question would be involved. In other words, if the only error in the previous award had been a mere matter of mathematical calculation, the decision might be construed to have been a partial affirmance of the award for permanent partial disability. However, as we have previously said, the Commission was confronted with the problem of computing compensation on an entirely different basis and of determining facts not con-

sidered in the first award, namely, "the loss of earning capacity of claimant," which necessitated further hearings.

The decision of the Commission being sufficiently sustained by the first reason mentioned, it is unnecessary to consider the second.

The decision of the Commission is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. ANDREWS and WELCH, JJ., absent.