### INDEPENDENCE INDEMNITY CO. v. LACY et al.

No. 24573. Sept. 19, 1933.

Thurman, Bowman & Thurman and T. Raymond Higgins, for petitioner.

Reuel W. Little, for respondents.

BUSBY, J. This is an original proceeding instituted in this court to obtain a review of a decision of the State Industrial Commission holding the petitioner, Independence Indemnity Company, liable on a surety bond executed pursuant to the provisions of chapter 30, S. L. 1929, in connection with a previous review by this court of an award of the State Industrial Commission.

The previous award was for permanent

total disability, and the decision of this court affirming the same is styled Board of County Commissioners of Marshall County et al. v. Lacy et al., and reported in 161 Okla. 138, 17 P. (2d) 398.

The mandate of this court at the termination of the above case was issued to the State Industrial Commission on January 4, 1933, and on January 6, 1933, the insurance carrier, Union Indemnity Company, became insolvent.

On January 7, 1933, the Commission entered its order in compliance with the mandate directing the payment of the award, as affirmed, by the employer or its insurance carrier.

On March 7, 1933, after a hearing previously had at which the claimant, C. M. Lacy, appeared through counsel and the Independence Indemnity Company likewise appeared through counsel, the Commission entered its order determining that the award previously affirmed by this court had not been paid and declaring the Independence Indemnity Company liable thereon. This proceeding is instituted for the purpose of reviewing that decision.

It should be mentioned that, while the appearance made by counsel before the Commission was termed by them a special appearance, it was in fact a general appearance by reason of a challenge there made to the jurisdiction of the Commission to determine the liability existing on the bond in question.

No specification of error is urged in this court based upon the jurisdiction of the Commission over the person of the defendant, nor is the sufficiency of the pleading before the Commission (which was apparently oral and made in the presence of the petitioner without objection to its form) challenged by specification of error. The only proposition urged here is:

"The order of March 7, 1933, was and is void, in so far as your petitioner, Independence Indemnity Company, is concerned, for the reason that the State Industrial Commission was and is without jurisdiction and power to render a judgment against the surety on an appeal bond filed with it under the provisions of section 13363, Oklahoma Statutes 1931 (section 7297, C. O. S. 1921, as amended)."

In support of this proposition petitioners have filed a very able and instructive brief, which was considered by this court in connection with the case of Union Indemnity Company v. Saling et al., No. 23873, 166

Okla. 133, 26 P. (2d) 217, and in which case, the issue herein involved was decided adversely to the contention of the petitioners. The views announced in that case, in so far as applicable to the specifications of error herein urged, are controlling.

The decision of the Commission is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. ANDREWS and WELCH, JJ., absent.