## HOME INDEMNITY CO. OF NEW YORK v. DOLLAR et al.

No. 23871.    Sept. 19, 1933.

Pierce, Follens & Rucker, for petitioners.

Murrah & Bohanon, for respondent.

BUSBY, J. This is an original proceeding in this court for the purpose of reviewing a decision of the State Industrial Commission, wherein the petitioner the Home Indemnity Company of New York was determined to be liable for the payment of an award previously made by the Commis-

sion. The liability of the petitioner was declared to have arisen by virtue of a bond executed by it as surety in compliance with the amendment to the Workmen's Compensation Act enacted by chapter 30, S. L. 1929.

The case in connection with which such bond was executed was reviewed by this court and the award of the Commission affirmed. Brooks & Dahlgren v. Dollar, 156 Okla. 155, 9 P. (2d) 926. The award reviewed in that case was for temporary total and permanent partial disability. Claimant thereafter filed a motion with the State Industrial Commission seeking to establish liability of the petitioner on the bond. The petitioner was notified of this motion and date set for hearing thereon, and it appeared through its representative.

In presenting its case to the Commission the petitioner challenged the jurisdiction of that body over the subject-matter of the controversy, making no other defense.

The State Industrial Commission entered its order declaring the petitioner liable, the extent of liability as thus declared corresponding exactly to the award previously reviewed by this court.

The petitioners urge that the State Industrial Commission was without power or jurisdiction to determine liability on the bond, asserting that such jurisdiction rests in the courts of this state.

These identical contentions were considered in the case of Union Indemnity Co. v. Monroe Saling, 166 Okla. 133, 26 P. (2d) 217. The conclusion reached was adverse to the claim of the petitioners herein. We held in that case that by reasonable and proper implication the jurisdiction of the State Industrial Commission included the power to determine liability on the bond required by section 1, ch. 30, S. L. 1929. The briefs in this case were considered in that case in arriving at the conclusion announced.

The petitioners also urge that the State Industrial Commission could not determine liability on the bond in question without first entering a formal order in accordance with the mandate of the previous decision fixing the liability of the employer and the insurance carrier, and that the Commission had failed to enter such an order. An examination of the record discloses that this asserted defense is urged for the first time on appeal, no contention of that character having been made before the Commission.

In the case of Western Indemnity Co. v. State Industrial Commission, 96 Okla. 100, 219 P. 147, this court announced that where a party before the Commission presented his case or defense upon a certain definite theory, he could not thereafter change in this court and prevail upon another theory and issue not presented to the Commission. Upon the authority of that case, the latter contention of the petitioner will not be considered.

The decision of the Commission determining liability on the bond will be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. ANDREWS and WELCH, absent.