## HOME INDEMNITY COMPANY OF NEW YORK v. VICE et al.

No. 24310. Oct. 31, 1933.

Pierce, Follens & Rucker, for petitioner.

Thos. W. Leahy and Forrester Brewster, for respondents.

WELCH, J. This is an original action by petitioner, the Home Indemnity Company, of New York, wherein it seeks to avoid the effect of an order of the State Industrial Commission made on the 9th day of Novem-

ber, 1932, wherein it was ordered to pay to the claimant in the cause before the Commission the sum of $750, with interest. The claimant, William Vice, and the employer, E. G. Fike & Company, and the insurance carrier, Southern Surety Company (insolvent), and the State Industrial Commission are made respondents.

The facts leading up to the making of the order of which complaint is made are substantially as follows: On June 25, 1928, the claimant, while working for the employer, was injured within the terms and meaning of the Workmen's Compensation Law. A claim was filed with the State Industrial Commission, and after various proceedings were had in connection therewith, the details of which are immaterial here, the Industrial Commission entered an order and award against the employer and the insurance carrier whereby the claimant was awarded compensation in the sum of $750. The employer and insurance carrier in due time filed in this court an original action seeking a review of the action of the State Industrial Commission in the making of such an order. In pursuance of the statute, and before filing their petition in this court, the employer and insurance carrier executed a bond to the claimant, with petitioner herein, the Home Indemnity Company of New York, as surety thereon, with condition as follows:

"Now, therefore, if the said Southern Surety Company of New York shall pay to the said William Vice the amount of the order in case the judgment or final order shall be adjudged against it, or affirmed in whole or in part, and pay the proper costs of the transcript of proceedings before the State Industrial Commission, then this obligation shall be void; otherwise to remain in full force and effect."

The action thus brought in this court by the employer and insurance carrier was, on the 6th day of July, 1932, disposed of by this court by affirming the award of the State Industrial Commission. E. G. Fike Co. v. Vice, 158 Okla. 243, 13 P. (2d) 143. In pursuance of the mandate of this court the State Industrial Commission entered its order against the employer and insurance carrier in favor of the claimant in the sum of $750. and in accordance with its original order, which was sought to be reviewed and which was sustained by this court.

On August 22, 1932, the claimant filed his motion with the State Industrial Commission, in which motion he recited the substance of the foregoing facts, and recited

further that the employer and insurance carrier had wholly failed to pay to the claimant the amount of the award in accordance with the order of the Industrial Commission made on August 6, 1932, which was in pursuance of the mandate of this court. Therein he prayed that the Commission make its order requiring the Home Indemnity Company of New York to pay the award. The record is not clear as to how the petitioner in this case received notice that this motion would be considered by the Commission. However, on October 27, 1932, petitioner filed with the Commission the following pleading: "Special Appearance and Motion to Quash."

"Comes now the Home Indemnity Company, appearing specially and for the purpose of this motion, only, and moves the court, to quash, vacate and set aside the purported summons on the Home Indemnity Company for the reason that same was not issued, served, and returned according to law and that the State Industrial Commission has no jurisdiction of the Home Indemnity Company or of the subject-matter of the motion filed by the claimant herein wherein the Home Indemnity Company was made a party to said proceedings.

"A. J. Fellens,

"Special Appearance of Attorney for Home Indemnity Company of New York."

On November 9, 1932, the Industrial Commission proceeded to a hearing on said motion, at which hearing the claimant and his attorney waived their appearances. The Home Indemnity Company appeared by filing of the above-mentioned pleading; the Southern Surety Company, although served with notice, appeared not. Whereupon the Commission, after examining the record and evidence in said cause, entered its order in which it found all material facts set forth in the motion to be true, and sustained the motion of the claimant in full and made its order requiring the Home Indemnity Company of New York, petitioner herein. to pay to the claimant the amount of the award in the sum of $750, with interest. within 30 days from the date thereof. It is this last-mentioned order which is sought to be reviewed in this action.

Petitioner argues four specifications of error as follows:

"(1) The award of the State Industrial Commission is void and contrary to law for the reason the judgment roll in this cause shows no proper service was had on the person of petitioner as prescribed by law.

"(2) The State Industrial Commission

had no jurisdiction to enter an award against the Home Indemnity Company, surety on the appeal bond, for the reason that there is no provision in the Workmen's Compensation Law authorizing the State Industrial Commission to enter an order against the surety on an appeal bond.

"(3) The award or order is contrary to law.

"(4) The State Industrial Commission is an administrative body having no general judicial powers. The rights and liability of petitioner and respondent arose out of a contractual relationship. The only court having jurisdiction over the subject-matter of the controversy between petitioner and respondent is a district court having common law and equity powers."

We think petitioner's specifications of error Nos. 2, 3, and 4 are disposed of by the recent decision of this court in Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. (2d) 217; Independent Indemnity Co. v. Lacy, 166 Okla. 144, 25 P. (2d) 336; Smock v. Blake, 165 Okla. 185, 25 P. (2d) 388; and Home Indemnity Company of New York v. Dollar. 166 Okla. 145, 25 P. (2d) 337. In Union Indemnity Company v. Saling, we held:

"The Workmen's Compensation Act contemplates a speedy and prompt administration of claimant's rights through the State Industrial Commission, and by necessary and proper implication confers upon that body the power to determine liability on the bond required to be executed by section 13363, O. S. 1931."

To the same effect is Independence Indemnity Co. v. Lacy, supra, Smock v. Blake, supra, and Home Indemnity Company of New York v. Dollar, supra. In that regard all of the cited cases held adversely to petitioner's specifications of error Nos. 2, 3, and 4. We hold that same control the issues raised herein by petitioner under its specifications of error Nos 2, 3, and 4.

As to petitioner's specification of error No. 1, wherein it contends that the Industrial Commission had no jurisdiction of its person in the proceedings taken by the Commission, and that no proper service was had on the person of the petitioner as prescribed by law, we think it sufficient to say that the case of Union Indemnity Co. v. Saling, supra, supports the statement that in cases such as we have under consideration here, the State Industrial Commission has power and authority to render summary judgment against the sureties on the appeal bond. We do not here pass upon the question of whether or not the Commission in such cases may render judgment thereon without some notice to the sureties, nor do we undertake to say herein what notice would be sufficient, for the reason that the record in this case clearly shows that the petitioner had sufficient actual notice that such a motion was pending and would be heard and considered by the Commission. We do not mean to say that the notice which must have been received by the petitioner in this case was a sufficient service of process to bring the petitioner into the cause pending before the Commission and make it a party to the proceedings had it been an entire stranger, but having held in Union Indemnity Co. v. Saling, supra, and other cases cited, that the Workmen's Compensation Law confers authority upon the State Industrial Commission to determine liability of the sureties upon a bond such as we have here, and that such determination may be summary, we think the rule announced in 4 Corpus Juris, at page 1306, as follows:

"The entry of judgment provided by them is not a new or special proceeding, but is a part of the procedure in the original action; and while, strictly speaking, a surety on an appeal bond is not a party to the action in which the bond was given, yet where a surety signs an appeal bond, in a jurisdiction where such a statute exists or in the federal courts where such state statutes are followed, he becomes at least a quasi party to the action, in the sense that he consents to the rendition of summary judgment against himself, on affirmance of the judgment appealed from"

—is applicable in such cases. The reason for the rule thus announced is so closely akin to the reasoning and the rules announced in Union Idemnity Co. v. Saling, supra, that we consider it unnecessary to further elaborate upon the same.

Under the Workmen's Compensation Law of this state as interpreted in Union Indemnity Co. v. Saling, supra, the State Industrial Commission has power to determine liability on the bond required to be executed by section 13363, O. S. 1931, and such determination and judgment thereon may be summary. Where a surety signs such a bond he becomes, at least, a quasi party to the action, in the sense that he consents to the rendition of summary judgment against himself, on affirmance of the judgment appealed from.

The order of the State Industrial Commission sought to be reviewed herein is affirmed.

CULLISON, V. C. J., and SWINDALL,

ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., absent.