## DETROIT FIDELITY & SURETY CO. v. ROBBINS.

No. 24661.    Feb. 6, 1934.

Ames, Cochran, Ames & Monnet, for plaintiff in error.

John T. Levergood and M. L. Hankins, for defendant in error.

WELCH, J. This is an appeal from the superior court of Pottawatomie county. Plaintiff in error, Detroit Fidelity & Surety Company, a corporation, was defendant, and defendant in error, C. W. Robbins, was plaintiff, in the trial court. The parties will be hereinafter referred to as plaintiff and defendant, as they appeared in the court below.

Plaintiff was the recipient of an award of the Industrial Commission under the Workmen's Compensation Act, in the sum of $18 per week, to continue until otherwise ordered by the Commission. The employer and insurance carrier filed an action in this court for a review of such award. In that cause the defendant, Detroit Fidelity & Surety Company, a corporation, executed a bond for appellant in the nature of an appeal bond, as required by section 13363, O. S. 1931, to the effect that the appellant would pay the amount of the award rendered therein, or on the further order of the Commission after the appeal shall have been decided by the Supreme Court. The award of the State Industrial Commission was affirmed by this court, and upon the subsequent failure of the employer and insurance company to pay the sum then due, and the sum becoming due each week under the award, plaintiff commenced this action in the superior court of Pottawatomie county

to recover judgment for the amount due and unpaid under such award of the Industrial Commission.

The defendant filed its answer to plaintiff's petition, consisting, first, of an unverified general denial; second, attacking the constitutionality of the legislative act requiring the execution of the bond; and third, attacking the jurisdiction of the court to render judgment thereon. The trial court sustained the demurrer to the second and third defenses contained in the answer. The defendant elected to stand upon its answer without amendment, and the court rendered judgment in favor of plaintiff. The original petition, as filed, sought judgment for the amount alleged to be due the plaintiff up to the time of filing suit under the order of the Industrial Commission, and at the time of the rendition of judgment plaintiff was permitted to introduce testimony as to the amount then due under such award, and was permitted to amend his petition accordingly, and judgment was rendered for the total amount due under the award at the rate of $18 per week up to the time of the rendition of judgment.

The defendant here complains of the action of the trial court in permitting plaintiff to introduce evidence and to amend his petition, and in rendering judgment in such manner upon a hearing had upon plaintiff's motion for judgment on the pleadings. It contends, further, that the bond sued upon was executed under compulsion and duress of section 13363, O. S. 1931, which it maintains is unconstitutional, and it also suggests that the trial court was without power or jurisdiction to render judgment on the bond for the reason that the exclusive jurisdiction to enforce the provisions of the bond would rest in the Industrial Commission.

The question of the constitutionality of section 13363, O. S. 1931, has been recently decided by this court in Union Indemnity Co. v. Saling, opinion handed down September 19, 1933, 166 Okla. 133, 26 P. (2d) 217, and the second paragraph of the syllabus of said opinion decided that question adverse to defendant's contention.

Furthermore, this court, in Union Indemnity Co. v. Saling et al., supra, held:

"The Workmen's Compensation Act contemplates a speedy and prompt administration of claimant's rights through the State Industrial Commission, and by necessary and proper implication confers upon that body the power to determine liability on the bond required to be executed by section 13363, O. S. 1931."

See, also, Independence Indemnity Co. v. Lacy, 166 Okla. 144, 25 P. (2d) 336, and Smock v. Blake, 165 Okla. 185, 25 P. (2d) 338. And in Home Indemnity Company of New York v. William Vice et al., 166 Okla. 94, 26 P. (2d) 425, this court held:

"Under the Workmen's Compensation Law of this state, the State Industrial Commission has power to determine liability on the bond required to be executed by section 13363, O. S. 1931, and such determination and judgment thereon may be summary. Where a surety signs such a bond he becomes at least a quasi party to the action, in the sense that he consents to the rendition of summary judgment against himself on affirmance of the judgment appealed from."

In Commercial Casualty Insurance Co. v. E. B. Cooke Service Station et al., 165 Okla. 36, 24 P. (2d) 1007, this court held:

"Under the Workmen's Compensation Law of this state, the State Industrial Commission is clothed with exclusive jurisdiction to find and determine all liability which may accrue in cases falling within the terms thereof when the employer has complied with said law."

In the instant case, under the above authorities, the State Industrial Commission had jurisdiction of the parties and the subject-matter at the time of the institution of this cause in the superior court of Pottawatomie county, and at the time of the rendition of judgment. In such cases the State Industrial Commission has jurisdiction to find and determine all liability. The liability here involved is a continuing one, subject to be diminished or terminated by the Industrial Commission. That body has complete jurisdiction. It is not necessary that either party resort to the courts of general jurisdiction, and in keeping with the legislative intent and the former decisions of this court, we must conclude that the Industrial Commission has jurisdiction to the exclusion of the superior court of Pottawatomie county. It therefore follows that the trial court was without power to render judgment in the cause.

Having reached the above conclusion, it is unnecessary to consider the other questions presented.

The judgment of the trial court is reversed and the cause is remanded, with directions to dismiss.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.