ALBERT MARTIN *vs.* SILVERTOWN GARAGE.

JUNE 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This petition for workman's compensation
is before the court on petitioner's appeal from a decree
entered in the Superior Court dismissing the petition.

The facts are undisputed. On November 17, 1930,
while petitioner was employed by respondent, a small
piece of steel went through his eyelid and entered his right
eye. He received treatment at a hospital for a few days
during which time the inflammation in his eye subsided. An
attempt to remove the steel was unsuccessful. December 6
he resumed work for respondent and was paid his usual
wages. He continued to work until June 11, 1932, when
he was obliged to stop work because his eye had become
inflamed to such an extent that he could not see with it.
June 6, 1932, respondent's physician examined petitioner's
eye and found it so diseased that he advised its removal.
This was done October 31, 1932. As a result of the loss of
his eye petitioner was unable to resume his regular occupa-
tion or to do any work which required close application
of his left eye.

On November 12, 1932, petitioner filed his petition in the
office of the commissioner of labor asking for specific com-
pensation for the loss of his right eye and also for compen-
sation for partial disability following the loss of his eye.

Respondent filed an answer in which it claimed the
petition should be denied because the relief sought was
barred by an agreement signed by the parties on the 18th
day of December, 1930, and filed in the office of the com-
missioner of labor December 23 and approved by him on

that day. This agreement states that "the respondent had paid to the petitioner $29.33 for one week and five days $\frac{\text{( total )}}{\text{(partial)}}$ disability . . . from November 25 to December 6, 1930, inclusive, . . . in full settlement and discharge of all compensation due said Albert Martin under the Workmen's Compensation Act . . . for all injuries received by said Albert Martin on the 17th day of November, 1930, while in the employ of respondent." It states that the "nature and extent of said injury" was a steel chip in the right eye. On February 8, 1933, the commissioner denied the petition for lack of evidence. Petitioner claimed an appeal to the Superior Court. After hearing, that court held the agreement purported to be and was a final adjustment of the compensation due petitioner and reluctantly gave effect to the agreement, and held that petitioner was precluded from enforcing his legal rights for further compensation.

The good faith of both the employer and the employee in signing the agreement as to compensation on December 18, 1930, is unquestioned. Neither party had any reason to anticipate that petitioner would lose his eye as a probable result of the injury. Respondent's physician thought there was a possibility that the piece of steel would work itself out of the eye without serious consequences. If the employee had any reason to believe he would eventually lose his eye—for the loss of which he would be entitled to specific compensation of $1,200, necessary hospital and medical expenses, and compensation for partial incapacity to work thereafter—it is improbable that he would have signed an agreement in full settlement and discharge of all compensation for his injury for $29.33. To hold that the agreement barred petitioner from demanding compensation for the subsequent loss of his eye would give the agreement an effect which was never intended.

The commissioner of labor is authorized to approve an agreement "only when its terms conform to the provisions

of the act." § 1238, G. L. 1923. He had no authority to approve the agreement if it barred petitioner from claiming compensation for the subsequent loss of his eye, as the specified amount to be paid for its loss was not mentioned in the agreement.

The Workmen's Compensation Act is a remedial statute and is to be liberally construed and applied in order to effectuate its purpose. In *Lopes* v. *B. B. & R. Knight, Inc.*, 50 R. I. 16, this court held that an employee who had signed an agreement in which he acknowledged that he had received full compensation for "total incapacity" was not precluded from later petitioning for compensation for "partial incapacity." In *Haynes Bros. Drilling Co.* v. *Coin*, 163 Okla. 300, it was held that, when an employee received a specific injury for which he was awarded compensation for temporary total disability, it did not preclude his being awarded, about five years thereafter, compensation for permanent partial disability which was the result of the original accidental injury.

Upon the unquestioned facts, we are of the opinion that the agreement filed in the office of the commissioner of labor, December 23, 1930, does not bar petitioner from prosecuting his present petition for compensation.

As the agreement was filed within two years after the occurrence of the injury, and the present petition was filed within two years after the approval of said agreement, we are of the opinion that the Superior Court had jurisdiction to hear *de novo* all questions of law and fact raised by the petition and answer. §§ 1254, 1250, 1243, G. L. 1923.

The appeal is sustained. So much of the decree as states that the agreement was a final adjustment between the parties and dismisses the petition is reversed and the cause is remanded to the Superior Court with direction to hear the petition.

*Roger L. McCarthy*, for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Mason B. Merchant*, for respondent.