**HOME INDEMNITY CO. v. COIN, Trustee, et al.**

No. 26053.   Oct. 20, 1936.

Pierce, Follens & Rucker, for plaintiff in error.

Harry O. Glasser, Rayford S. Reid, Leo J. Williams, and M. J. Parmenter, for defendants in error.

PER CURIAM. This is a suit to recover $1,512 paid by the emp'oyer to C. E. Coin, the same being the amount of an award, plus interest and expenses, which the Haynes Brothers Drilling Company incurred by virtue of the Workmen's Compensation Act. C. E. Coin was granted an award, and the Southern Surety Company, who was the insurance carrier of the employer, the Haynes Drilling Company, filed an action in the Supreme Court to vacate this award. The award was affirmed May 16, 1933. Haynes Bros. Drilling Co. v. Coin, 163 Okla. 300, 22 P. (2d) 80.

Before the opinion became final and before claimant could realize satisfaction on the award, the Southern Surety Company failed. The Home Indemnity Company was surety on the supersedeas bond on the proceeding to vacate the award in this court. The Haynes Drilling Company paid the award after the rendition of the opinion referred to supra and made demand upon the Home Indemnity Company for reimbursement, which demand was refused. This suit resulted. It was brought by the Haynes Drilling Company and C. E. Coin as trustee, who was claimant in the award below, and it is not disputed that C. E. Coin has been paid in full. Judgment was rendered for the full amount paid to C. E. Coin, and the Home Indemnity Company prosecuted this appeal.

Plaintiff in error urges that C. E. Coin is improperly joined as plaintiff as alleged trustee in the trial court. It is clear that if the Haynes Drilling Company has the right to maintain the action it ought not to be defeated because it, out of an abundance of precaution, named C. E. Coin as trustee as a party plaintiff. He may therefore be designated as a proper nominal party, though not necessary.

We shall next consider the two jurisdic-

tional assignments presented, which are that the Workmen's Compensation· Law is unconstitutional, and second, that the trial court had no jurisdiction of the action on the bond. In Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. (2d) 217, one of the cases cited by appellant, the court said:

"The constitutionality of the Workmen's Compensation Act, as well as the propriety of lodging in the State Industrial Commission the authority essential to an administration of the law, is no longer an open question in this state. Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938." .

Further in that case, speaking of jurisdiction of the State Industrial Commission to render judgment on the bond, we said:

"We approve the reasoning of the Utah court and regard it as applicable and persuasive in the case at bar. The contention of the petitioner, if sustained, in this case, would compel the claimant in order to recover on a bond to file an independent action in one of the courts of the state. If the award sought to be collected provided for a number of weekly payments, numerous actions might be necessary in order to collect the award. Appeals could be taken in each of the cases, to which appeals the statutory preference as to time of review in this court would not apply. The basic theory of centralized administration of matters in connection with the Workmen's Compensation Act and prompt payment of claims to injured workmen would and could be avoided. We therefore hold that taking into consideration the purpose and intent of the Workmen's Compensation Law, the power and jurisdiction to determine the extent of liability on the bond in question was by necessary implication vested in the State Industrial Commission, and that that body therefore had jurisdiction of the subject-matter."

There is also cited Detroit Fidelity & Surety Co. v. Robbins, 167 Okla. 296, 29 P. (2d) 110. That case relied upon Union, Indemnity Co. v. Saling, supra, which gave as a reason for the jurisdiction the speedy remedy to be afforded the claimant. Here the claimant has been paid in full. The duty of the State Industrial Commission has been performed so far as the claimant's rights are affected, and the action here is founded upon alleged equities which do not grow out of the administration of the Workmen's Compensation Law. We are of the opinion, and hold, that the court of common pleas had jurisdiction of the action. There is also cited Commercial Casualty Insurance Co. v. Cooke Service Station, 165 Okla. 36, 24 P. (2d) 1007. That case is easily distinguishable from the case at bar, and by reading the same it will be seen that this court was there acting to prevent the hopeless confusion which results

when a board and a court are ·asserting coordinate jurisdiction and attempting to enforce those jurisdictions with resulting conflict. Nothing could better illustrate this principle than the language of Mr. Justice Welch in the opinion, as follows:

"Petitioner is, therefore, faced with an order of the State Industrial Commission dated February 27, 1933, to pay to the claimant, W. J. Brock, the sum of $847 as reimbursement to the claimant for the medical expense in full, furnished to the claimant by Dr. Walden, and which the commission found had been paid by the claimant. It is also faced with the several orders of the several courts defendants herein, wherein it is required to pay into the various courts various sums of money which the said courts found that petitioner owed Dr. Walden, and all of the orders are based upon the liability of the petitioner under its workmen's compensation insurance po¹icy. Petitioner now seeks a writ of prohibition prohibiting either the State Industrial Commission from enforcing its order to pay the amount to the claimant, Brock, or a writ of prohibition prohibiting the various courts defendants herein from enforcing their various orders requiring it to pay various amounts in garnishment proceedings. Under the Workmen's Compensation Law of this state, the State Industrial Commission is clothed with exclusive jurisdiction to find and· determine all liability which may accrue in cases falling within the terms thereof when the employer has complied with the terms of said law. Section 13354, O. S. 1931, which is a portion of the Workmen's Compensation Law, provides: 'Whoever renders medical, surgical or other attendance or treatment * * * shall submit the reasonableness of the charges to the State Industrial Commission for its approval, and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when so approved shall be enforcible by the commission in the same manner as provided in this act for the enforcement of compensation payments'."

There is no such reason to deny the jurisdiction in the present case. We have examined all of the cases cited by appellant, and they are likewise distinguishable from the case at bar. In fact, we have found no case exactly in point in this jurisdiction or other jurisdictions, but the nearest one in point will be discussed under the next heading.

It is next urged that subrogation cannot be applied because in Union Indemnity Co. v. Saling, supra, and Atlas Wiring Co. v. Dorchester, 168 Okla. 337, 32 P. (2d) 913, we held that the employer was primarily liable. In support of this rule defendant cited Fox v. Dunning, 124 Okla. 228, 255 P. 582, wherein it is said:

"Subrogation is allowed only in favor of one who, under some duty or compulsion, legal or moral, pays the debt of another, and not in favor of him who pays a debt in performance of his own covenants, for the right of subrogation never follows an actual primary liability, and there can be no right of subrogation in one whose duty it is to pay, or in one claiming under him against one who is secondarily liable."

Therein the court was discussing the general equitable principle of subrogation. The language quoted above in Union Indemnity Co. v. Saling, supra, would not prevent the construction that, as against the claimant, the employer shall always be primarily liable, but as between the indemnity company and its surety the right of subrogation applies. The very terms of the supersedeas bond of defendant suggests a complete answer to the claim that Fox v. Dunning, supra, applies to defeat the right of judgment against the defendant. The bond provides in part:

"Now, therefore, if the said Southern Surety Company of New York shall pay to the said C. E. Coin the amount of the order in case the judgment or final order shall be adjudged against it. or affirmed in whole or in part, and pay the proper costs of the transcript of proceedings before the State Industrial Commission, then this obligation shall be void; otherwise, to remain in full force and effect."

When the Haynes Drilling Company paid C. E. Coin, it performed an obligation imposed upon it by law; as between the employer and insurance carrier, however, this obligation should have been performed by the Southern Surety Company, and upon its failure to do so, by the Home Indemnity Company according to the very terms of its bond. There is no doubt that C. E. Coin could have enforced that liability. See Home Indemnity Co. v. Vice, 166 Okla. 94, 26 P. (2d) 425. He called upon the Home Indemnity Company to pay and it refused. If the Home Indemnity Company had paid C. E. Coin when demand was made, can it be said that it could have recovered from Haynes Drilling Company? We think it will hardly be so contended. In Bell v. Greenwood, 229 App. Div. 550, 242 N. Y. S. 149, that court had under consideration this latter question. The court denied the surety company relief. Therein it is said:

"The appellant urges that, upon the assignment to it of the Bell judgments, it has been subrogated to all the rights which the plaintiffs in the Bell suits possessed under the judgments against Greenwood, the judgment debtor; and it cites the cases establishing the well-settled principle that a surety who pays a debt for his principal is entitled to be put in the place of the creditor and to all the means which the creditor possessed to enforce payment against the principal debtor. No one can gainsay the soundness of the doctrine, but in its broad statement it is not applicable to the facts in this case.

"The doctrine of subrogation is of equitable origin and does not rest upon any right acquired by contract, but simply upon the equitable principle that substantial justice should be attained, regardless of form, so that the person primarily liable should be compelled, ultimately, to pay the debt, even though it require the substitution of one creditor for another in order to accomplish this result; but this doctrine can never be invoked against one whose equities are equal or superior to those of the party seeking to be subrogated. 'Subrogation being the creature of equity, it will not be permitted where it would work injustice to the rights of those having equal or superior equities.' Laski v. State, 217 App. Div. 420, 421, 217 N. Y. S. 48, 50, quoting from 27 Am. & Eng. Ency. of Law (2d Ed.) p. 204: 'It must not be enforced to the detriment of equal or superior equities existing in other parties.' Peoples v. Peoples Bros. (D. C.) 254 F. 489, 492. The qualification of the right of subrogation was thus succinctly stated in American Surety Co. v. Citizens' Nat. Bank of Roswell, N. M. (C. C. A) 294 F. 609, 616. 'The right of subrogation is an equitable right, and where equities are equal the right does not exist and there can be no relief.'

"At bar, the equities in favor of the respondent Greenwood are superior to those of the appellant. At the time of the rendition of the Bell judgments, the insurer, the Manufacturers' Company, under its policy to indemnify Greenwood, was liable, and under the statute (section 109, Insurance Law, added by Laws 1917, c. 524, as amended by Laws 1924, c. 639) was subjected to make direct payment of the judgments in the event of nonpayment by Greenwood. At that time it was solvent. Since the rendition of the judgments the Manufacturers' Company has become insolvent. It was the act of the appellant in furnishing the undertakings on appeal which stayed the execution of the Bell judgments and prevented the insurer's liability to Greenwood from being then and there realized upon. And the appellant gave these undertakings for an apparently valuable consideration moving to it. Thus a delay brought about by the appellant for its profit operated to the manifest loss of Greenwood. Between parties thus situated, the primary liability should rest upon those who intervene to procure the delay."

Defendant urges that we have held contrary to this in Atlas Wiring Co v. Dorchester, supra. We were discussing there the ultimate liability in favor of an employee,

and held that in no event could the employer escape the liability. There is nothing inconsistent with the rule therein announced and the rule announced in Bell v. Greenwood, supra.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J. and WELCH, PHELPS, and CORN, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.