## CHICAGO, R. I. & P. RY. CO. v. BORING-KIM PRODUCE CO.

No. 6492. Opinion Filed May 2, 1916.

(157 Pac. 351.)

1. **EVIDENCE—Hearsay—Admissibility.** Hearsay testimony, when properly objected to, is not admissible.

2. **NEW TRIAL—Grounds—Insufficiency of Evidence.** Where the evidence in a cause is insufficient to sustain the judgment rendered, the court, upon timely motion, should grant a new trial.

(Syllabus by Collier, C.).

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by the Boring-Kim Produce Company against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. H. Moore, C. O. Blake, R. J. Roberts, J. G. Gamble,* and *K. W. Shartel,* for plaintiff in error.

*A. J. Welch,* for defendant in error.

Opinion by COLLIER, C. The defendant in error shipped 400 cases of eggs, each case containing 30 dozen, from Wichita, Kan., to Chicago, and brings this action to recover damages for negligence on the part of plaintiff in error in the handling of the shipment. The parties will be referred to hereafter as they were in the trial court.

In plaintiff's petition it sets up an itemized statement of the damage sustained through the negligence of defendant by the breakage and destruction of said eggs, averring its damage to be the sum of $530.12, which was denied by the answer of the defendant.

There is no question that the evidence shows that the eggs reached the city of Chicago in bad condition, and that this condition was due to the negligence of the defendant, but upon a careful examination of the record, we are unable to find that there was any legal testimony from which the jury could determine the amount of the damage.

John W. Shawhan, called as a witness on behalf of plaintiff, testified as to the amount of the eggs broken and damaged, and the price at which they were sold, and this testimony sustains the contention of the plaintiff as to the loss suffered by reason of the negligence of the defendant; but on cross-examination the said witness testified that he did not know whether the eggs were damaged, or the price at which the eggs were sold, except by the reports made to him; that he did not handle the car personally; that the knowledge of the handling of this car came through records, and his knowledge of the breakage and damage was based upon reports to him and correspondence. Thereupon defendant moved to strike from the record the said testimony of the said Shawhan upon

the ground that the same was hearsay. The court over-ruled the motion, to which the defendant duly excepted.

The giving and refusal of instructions were duly excepted to; but, from the view we take of this case, we do not find it necessary to consider said instructions. The jury found for the plaintiff in the sum of $532.98, and judgment was entered accordingly. Timely motion was made for a new trial, which was overruled and exception duly saved, and to reverse said judgment this appeal is prosecuted.

We are of the opinion that the motion of the defendant to strike the testimony of Shawhan with regard to the handling of the eggs, and their condition, and the price for which sold, from the record, should have been granted, and that the court committed reversible error in overruling said motion.

The evidence of Mr. Shawhan was merely hearsay, and when his testimony is excluded, as it should have been, there is no proper data upon which the jury could predicate the verdict rendered, and the court committed reversible error in refusing to grant a new trial, as the verdict of the jury was not supported by sufficient evidence. The evidence in the case other than that given by Mr. Shawhan only entitled plaintiff to recover nominal damages. The principles of law announced in this case are so elementary as not to require the citation of authorities in support thereof.

This case should be reversed and remanded.

By the Court: It is so ordered.