**Hess LONG d/b/a Long Produce and Travelers Insurance Company, Petitioners,**

**v.**

**Loyd HONEYCUTT and State Industrial Court, Respondents.**

**No. 40565.**

Supreme Court of Oklahoma.

June 30, 1964.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Eph Monroe, Clinton, for claimant.

JOHNSON, Justice.

This is an original action to review an award of the State Industrial Court. There are two contentions advanced by the petitioners, Hess Long d/b/a Long Produce and the Travelers Insurance Company:

1. That the claimant was not an employee of the respondent Hess Long d/b/a Long Produce.

2. That the injury did not arise out of and in the course of the employment.

Both of these necessitate a review of the evidence.

The respondent was engaged in the business of buying, drying, hauling and shipping peanuts in the area around Hydro, Oklahoma, where he had his place of business. The claimant went to work for Hess Long

on October 18, 1962, and worked for four days when rain compelled the stoppage of the work. By the 26th Hess Long had decided that it was dry enough to resume work. Long sent one Pete Riggs to the cotton fields to get the claimant and another employee. Riggs went and informed the claimant. The claimant was on the truck with Riggs when they went to Hydro to fix the truck. While there Riggs instructed the claimant to work on the truck, and while he was so working his finger caught in the fanbelt and was cut off. It is for this injury that claim is made. The record discloses that Riggs and his truck were hired on a $3.00 per ton basis by Long when Riggs did not furnish the laborers. This was the case at the time of the injury. Riggs therefore was not the employer of claimant and never paid him, although he continued work and even drove the truck after the severing of the finger.

■ This court has long been committed to the rule that it will not vacate a judgment of the Industrial Court if it is sustained by the evidence. See cases cited under ☞1939, Workmen's Compensation in 14 Oklahoma Digest.

The witness Riggs (truck owner) testified:

"So Mr. Hess (respondent) told me to get men ready. He said 'If the going gets better, we are going to get out there and get some peanuts,' that day about 11 o'clock, so I went out and got my brother and Loyd * * *"

■ The Loyd mentioned is the claimant. This evidence was sufficient to sustain the finding of the court that the claimant was an employee of the respondent.

The one remaining contention of the petitioners is that the injury sustained did not arise out of and in the course of claimant's employment. The employment of this particular claimant was of a "Mother Hubbard" character and covered a multitude of chores. The claimant's own testimony was to this effect:

"Well, when I first went to work there, I unloaded cars off the truck into the cars, then I loaded the dryers and I unloaded it then, and then I would go out in the fields and help them load back. I helped them unload it."

■ Again, the evidence of Riggs states that Hess Long, the respondent, had directed him to have the truck fixed. The situation in the instant case is very similar to that in Garr v. Collins, 208 Okl. 113, 253 P.2d 838, wherein the second paragraph of the syllabus reads:

"The question as to whether an injury sustained by an employee arose out of and in the course of his employment is one of fact to be determined by the State Industrial Commission under the circumstances of each particular case, and where there is competent evidence reasonably tending to support the finding it will not be disturbed on review."

In that case the claimant lost fingers when he caught his fingers in a V-belt on an air compressor. This injury occurred on Sunday, a day when claimant was not required to work. On this particular day, the claimant was directed by the foreman to help get a truck started with the help of a tractor. After this was accomplished, claimant noticed the tire on the tractor to be low. With the knowledge of the foreman he took the tractor to the garage to pump up the tire. It was while he was doing this that the injury occurred. It was under those facts that this court propounded the rule in the syllabus above quoted.

■ We are therefore of the opinion and hold that the injury sustained by the claimant arose out of and in the course of his employment.

The award of the Industrial Court is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.