GRAHAM–MICHAELIS DRILLING CO.,
and The Travelers Insurance
Co., Petitioners,

v.

Myrtle ATKINS and the State Industrial
Court, Respondents.

No. 41078.

Supreme Court of Oklahoma.

Nov. 24, 1964.

Rehearing Denied Dec. 22, 1964.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Claud Briggs, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

JOHNSON, Justice.

Myrtle Atkins, individually and as the mother and natural guardian of her six minor children, and who will be hereinafter referred to as claimant, recovered an award under the death benefit provisions of the Workmen's Compensation Act. This proceeding is brought by Graham-Michaelis Drilling Company, employer, and its insurance carrier, The Travelers Insurance Company, hereinafter referred to as petitioners, to review the award.

James Clair Atkins, deceased, husband of claimant and father of the minor children, was Production Superintendent for Graham-Michaelis Drilling Company. He lived at Hooker, Oklahoma. His duties took him into Texas, Colorado, Kansas and Oklahoma. He had fifty or more producing oil wells under his supervision and had charge of the drilling of other wells and of the repairing of equipment. Deceased had his office in his home, with a desk and business telephone. The company furnished him an automobile which he kept at his home in the driveway when he was not making trips in it. He was on call twenty-four hours a day and frequently was called out at night on special trips for his employer.

Claimant testified that on Monday afternoon, February 3, 1964, it began snowing and continued until the next day, February 4, 1964. The highways and streets were blocked with snow until Wednesday morning, February 5, 1964, when they were cleared off. The company car was covered with snow. Claimant testified further that deceased made his usual daily telephone call to Mr. Michaelis, of Graham-Michaelis Drilling Company, in Wichita, Kansas, at around 9:00 o'clock a. m. on the said February 5, 1964. Right after he finished the call, deceased went out and started shoveling the snow to uncover the company car. It was also necessary that he shovel the snow from the driveway out to the highway that ran in front of the home. He shoveled snow until lunch time, ate lunch and returned to shoveling snow until around 1:00 o'clock p. m. when he came into the house complaining of pains in his chest. Claimant put deceased to bed and tried to call the doctor, but his line was busy. As claimant again attempted to call the doctor, a business call came in from a Mr. Boyer in Liberal, Kansas. Deceased said he was well enough to take the call. The telephone was out in a hall from the bedroom where deceased was. Deceased went out into the hall, picked up the phone and started to sit down in a chair provided him by one of his daughters, and fell dead.

Dr. C testified for claimant by written report which was, after the salutation, as follows:

"I was called to see Clair Atkins on 2/5/64. He was dead on my arrival at his home.

"Mrs. Atkins informed me that Mr. Atkins had been shoveling snow in the driveway in order to get his company car out of the drifts so that he could make a service call. She states that when the car was free of the drifts Mr. Atkins complained of severe pain in the chest. The pain was so severe that he went in the house and laid down on the bed. After lying in bed for a few minutes he arose from the bed to answer an incoming business call, collapsed to the floor and died.

"In my opinion, Mr. Atkins died of an acute coronary occlusion which was precipitated by the shovelling."

The report was admitted into evidence without objection from the petitioners, respondents below.

The testimony of claimant and Dr. C is the only evidence in the case. Petitioners offered none.

The sole issue raised by petitioners on review is whether the evidence is sufficient to support the State Industrial Court's finding that deceased sustained an accidental injury arising out of and in the course of his employment.

Petitioners admit that deceased was furnished a company car, that deceased was subject to twenty-four hour call, that deceased's office was in his home, that deceased had shoveled snow out of his driveway the morning of February 5, 1964, and died of a heart attack caused by shoveling the snow. But petitioners urge that "there is not one scintilla of evidence in this case to show why claimant (deceased) was clearing the driveway"; "There is no evidence tending to show the deceased was going to go any place on company business after he completed the job." Petitioners assert that in order for the Industrial Court to enter the award herein it had "to assume deceased was clearing his driveway on behalf of his company, and assume in addition that he was going on company business." Petitioners state the rule to be that a presumption of fact may arise from proven circumstances, but that such presumption cannot become the circumstance as proof for another presumption. Petitioners say:

"In the instant case, if the trial court from the evidence produced felt that it was sufficient to justify an inference that deceased was shoveling snow to free his company car, then it could not go further and infer that because he was freeing his company car he was going on company business. This is placing an inference on an inference, which cannot be done, * * *."

and cite authorities to substantiate their position.

We agree with petitioners that an inference cannot be based upon an inference. But such is not the situation here. There is no inference that deceased was shoveling snow to free the company car. The evidence is unequivocal that deceased was shoveling snow from off and around the company car to uncover and free it.

■ A presumption of fact is that mental process by which the existence of one fact is inferred from proof of some other fact or facts with which experience shows it is normally associated by succession or

coexistence. Smittle v. Illingsworth, Okl., 373 P.2d 78; Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 32 A.L.R. 1490; 31A C.J.S. Evidence § 116, p. 199. The undisputed facts, in addition to those admitted, are that deceased had fifty or more wells he had to look after; he had not been out on the job for more than two days, having been snowed in; he made his customary call to his boss and then went out and started shoveling snow to free the company car. These are the proven facts. We feel it can safely be presumed that deceased was going about his master's business.

However, there is additional evidence that deceased was freeing the company car in furtherance of his employer's business. Dr. C's report contains the statement that claimant informed Dr. C on his arrival to attend deceased that deceased had been shoveling snow to free the company car so that he could make a service call.

Petitioners now contend in their brief that this is hearsay and therefore must be excluded. But petitioners did not object to the report when it was introduced into evidence or raise the question that the history given Dr. C by claimant was hearsay and not admissible.

■ Hearsay testimony, when properly objected to, is inadmissible. Wrightsman Petroleum Co. v. Schwartz, 157 Okl. 22, 10 P.2d 695; Chicago, R. I. & P. Ry. Co. v. Boring-Kim Produce Co., 57 Okl. 495, 157 P. 351. We hold that when petitioners did not object to the report of Dr. C, they waived the right to now raise the question that claimant's statement to Dr. C was hearsay and not admissible.

■ The question as to whether an injury sustained by an employee arose out of and in the course of his employment is one of fact to be determined by the State Industrial Court under the circumstances of each particular case, and where there is competent evidence reasonably tending to support the finding it will not be disturbed on review. Townley's Dairy v. Gibbons, Okl., 395 P.2d 947; Long v. Honeycutt, Okl., 393 P.2d 866; Garr v. Collins, 208 Okl. 113,

253 P.2d 838; Terry Motor Company v. Mixon, Okl., 361 P.2d 180. Any reasonable doubt as to whether an injury did in fact arise out of the employment shall be resolved in favor of the workman. Mullins v. Tanksleary, Okl., 376 P.2d 590; Town of Granite v. Kidwell, Okl., 263 P.2d 184.

◼ We find the record free from error. There is competent evidence reasonably tending to support the finding of the lower tribunal that the accidental injury to and the death of, deceased arose out of and in the course of his employment.

The award is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.