NEBO OIL COMPANY and State Insurance Fund, Petitioners,

v.

Anna D. WRIGHT and the State Industrial Court of the State of Oklahoma, Respondents.

No. 41306.

Supreme Court of Oklahoma.

Sept. 21, 1965.

Sam Hill, Guy A. Secor, Oklahoma City, for petitioner.

Randle L. Graham, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

LAVENDER, Justice.

The sole issue to be determined is whether the accidental injury which resulted in the death of Monge P. Wright, hereinafter referred to as deceased, arose out of and in the course of his employment.

Anna D. Wright, widow of deceased and claimant herein, recovered an award from the State Industrial Court under the death benefit provisions of the Workmen's Compensation Act. Nebo Oil Company, employer of deceased, and its insurance carrier, State Insurance Fund, hereinafter referred to as petitioners, bring this original proceeding to review that award.

The record discloses that deceased was employed on March 2, 1964, by the Nebo Oil Company as a pumper on a lease known as the "Nebo lease." The lease is located in Oklahoma City and is bounded on the east by Lindsay Street and on the north by Southeast 59th Street. There are three working wells on the lease, two on the east side and one on the extreme west side. Employer furnished deceased and claimant a house, with utilities paid, for them to live

in. The house is located on the northeast corner of the lease at the intersection of Lindsay and 59th Streets. The two wells on the east side are south of said house.

The evidence shows that at about 5:00 p. m. on August 9, 1964, deceased was walking west on the south shoulder of 59th Street; that a pickup was approaching deceased from the west traveling east; that there were some 2 x 4 boards protruding from the right side of the vehicle which struck deceased, killing him almost instantly.

Claimant testified that the west well was approximately one and one-half blocks from the house; that there was a fence, a slush pit filled with "junk," underbrush and high weeds which were between the house and the west well, and that the most accessible route from the house to the west well was along 59th Street. Claimant testified that deceased was on duty twenty-four hours each day, seven days a week; that she had accompanied him numerous times when he went about his work and that his duties were to gauge the oil that was being pumped from the wells and keep the machinery oiled and in working condition; that he walked to the wells twice each day to perform his work, once early in the morning and once late in the afternoon; that she was very familiar with the route he took each time he went to the west well, and it was always west along 59th Street, that she never knew of him going any other route. Claimant testified deceased always listened to the sound of the motors on the pumps each night just before he retired to determine if they were working properly and if they needed adjusting or working on he would do it, and that he had on many nights dressed and gone out to "do a job."

Claimant testified further that on the morning of August 9, 1964, which was a Sunday, deceased checked the wells, pumped salt water, changed from his working clothes and attended church services with her; that after services they went to Wynnewood, attended a funeral and returned home at approximately 4:00 o'clock p. m., where they rested until about 5:00 o'clock p. m. when deceased changed into his work clothes and "went to 59th Street and west, to the west well" and that she did not see him again until she viewed his body at a mortuary.

W. H. Norwood appeared in behalf of claimant. He testified he was a retired employee of Nebo Oil Company, and he too lived on the lease; that he taught deceased how to gauge tanks, fill the lubricators and run the salt water pump; that there was a fence, slush pit and overgrowth of weeds between the east wells and the west well, and that the "cleanest route is down the highway, down 59th Street"; that deceased filled the lubricators both morning and evening and reported the gauge readings to him; that on the morning of August 9, 1964, at about 7:00 o'clock a. m. deceased reported the gauge reading on all three wells to him and filled the lubricators, but late that evening after deceased "had passed on" witness checked the wells and found they had not been serviced as they were supposed to have been.

Charles L. Campbell testified in behalf of claimant. He stated he lived on 59th Street across from the lease; that he was familiar with it, that there was a fence, weeds and slush pit which separated the wells, and in his opinion the most accessible route to the west well was along 59th Street; that he saw deceased many times going down 59th Street to the west well; that he saw him on August 9, 1964, on 59th Street just after the accident, that deceased was unconscious and that his body was lying east of the west well approximately one thousand or fifteen hundred feet.

W. H. Clement testified for Nebo Oil Company. His testimony was that he operated said company and that the wells were to be serviced twice daily, "usually early in the morning, about six o'clock and then about six in the evening"; that the house was furnished deceased so that he would always be available "there if something happens."

Petitioners' only contention for vacation of the award is there is no competent evidence to support the finding of the State Industrial Court that the injury to deceased arose out of and in the course of his employment. Petitioners urge that "apparently the trial court \* \* \* chose to presume that deceased was performing some duties in behalf of his employer at the time he was killed. Presumably this was on the basis that he \* \* \* many, many times traveled down the shoulder of S.E. 59th in a westerly direction when he would tend to his duties of checking and lubricating the west well. It would seem obvious if this is the case that we must indulge in another presumption; that is, that deceased was on his way to work." Petitioners assert this court has held many times that a presumption upon a presumption will not serve as evidence to support a position.

█ We agree with petitioners that a presumption cannot be based upon another presumption. But such is not the situation in the case at bar.

█ A presumption of fact is that mental process by which the existence of one fact is inferred from proof of some other fact or facts with which experience shows is normally associated by succession or coexistence. Graham-Michaelis Drilling Co. v. Atkins, Okl., 397 P.2d 658; Smittle v. Illingsworth, Okl., 373 P.2d 78; Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 32 A.L.R. 1490; 31A C.J.S. Evidence § 116, p. 199.

The undisputed facts are that deceased was furnished a house on the lease that he might be available twenty-four hours each day, seven days a week, to look after the three wells; that he serviced them twice each day, early morning and late evening; that the most accessible route from the east wells and/or house to the west well was by way of 59th Street; that deceased always used 59th Street when he went to and from the west well; that he serviced the wells in the early morning hours on the day he was killed; that he changed into his work clothes late that evening after having been in his "dress" clothes since church services that morning; that he was walking west on 59th Street, east of the west well, when he was struck and killed, and that the wells had not been serviced at the time of his death. These are the proven facts. We feel it can safely be presumed that deceased was, as past experiences demonstrated, going about his employer's business when he sustained his accidental injury.

██ The question as to whether an injury sustained by an employee arose out of and in the course of his employment is one of fact to be determined by the State Industrial Court under the circumstances of each particular case, and where there is competent evidence reasonably tending to support the finding it will not be disturbed on review. Townley's Dairy v. Gibbons, Okl., 395 P.2d 947; Long v. Honeycutt, Okl., 393 P.2d 866; Garr v. Collins, 208 Okl. 113, 253 P.2d 838; Terry Motor Company v. Mixon, Okl., 361 P.2d 180. Also, any reasonable doubt as to whether an injury did in fact arise out of the employment shall be resolved in favor of the workman. Graham-Michaelis Drilling Co. v. Atkins, supra; Mullins v. Tanksleary, Okl., 376 P.2d 590; Town of Granite v. Kidwell, Okl., 263 P.2d 184.

█ The issue was resolved in favor of the claimant, and we hold there is competent evidence reasonably tending to support the finding of the trial tribunal that the accidental injury to and the death of deceased arose out of and in the course of his employment.

The award is sustained.