**Felicia Ella SNODGRASS, Executrix of the Estate of Harry F. Bernard, Deceased, Petitioner,**

**v.**

**DOUGLAS AIRCRAFT COMPANY, Inc., Industrial Indemnity Company and the State Industrial Court, Respondents.**

**No. 41294.**

Supreme Court of Oklahoma.

Sept. 28, 1965.

Fenelon Boesche, Richard B. McDermott, T. Hillas Eskridge, F. D. Hettinger, Tulsa, for petitioner.

Sanders, McElroy & Whitten, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is an original proceeding by Felicia Ella Snodgrass, Executrix of the Estate of

Harry F. Bernard, deceased, hereinafter referred to as claimant, for review of an order of the State Industrial Court denying her an award under the death benefit provisions of the Workmen's Compensation Act against Douglas Aircraft Company, Inc., employer, and its insurance carrier, Industrial Indemnity Company.

The alleged error in said court's order concerns the sole issue of whether or not the accident, which resulted in Bernard's death, arose out of and in the course of his employment. The only proof on this issue is contained in the following stipulation of agreed facts:

"Harry F. Bernard was an employee of Douglas Aircraft Company, Inc., engaged in a hazardous employment. That he worked a shift which commenced at 7:30 A.M. and ended at 4:12 P.M.

"That on February 10, 1964, Harry F. Bernard was to report to work at 7:30 A.M. He was on no special mission for his employer, was not driving a vehicle furnished by his employer, and had not been requested to report to work at an earlier than normal time.

"Harry F. Bernard resided in Jenks, Oklahoma, a town south of Tulsa. The normal way to gain entrance to the Douglas Plant is to proceed north on Memorial Avenue, a main public road and highway in Tulsa County.

"The Douglas Aircraft Company is located on a tract of land the southerly boundary of which is the St. Louis & San Francisco Railroad right-of-way and the westerly boundary of Memorial Avenue. Attached to the Stipulation is a scale drawing of the above described property. This is a part of the Stipulation.

"Harry F. Bernard was driving an automobile which was struck by a train on the main line track at 6:40 A.M., on February 10, 1964. The location of the accident is marked with an 'X' on the scale drawing attached hereto. Harry F. Bernard was driving north on Memorial Avenue and the train was proceeding west. Harry F. Bernard died as the result of the accident.

"It is agreed that Memorial Avenue is a heavily traveled road and that hundreds of cars use the crossing in the course of a day. It is further agreed that five or six trains use the Frisco tracks in the course of a day."

The trial judge's order denied the claim on the ground that the accidental injury causing his death did not arise out of and in the course of Bernard's employment. The claimant, his surviving Mother, filed this direct proceeding for review by this court (without first appealing to the Industrial Court En Banc).

■ The burden of proof is on the claimant to prove that disability or death was caused by an accident arising out of and in the course of the employment. See Arnold v. J. F. Pritchard & Co., Okl., 399 P.2d 481, and Anderson v. Bills Bakeries, Okl., 393 P.2d 524, 526. Also this court is committed to the rule that ordinarily injuries incurred going to or from work do not arise out of and in the course of employment. See Nineteenth Seed Co. v. Townsend, Okl., 394 P.2d 531, 533; McMurtrey v. American Association of Petroleum Geologists, Okl., 383 P.2d 215; Anderson Construction Co. v. Franklin, Okl., 315 P.2d 785; Janger Produce Co. v. Lee, Okl., 304 P.2d 285; Weatherbee Electric Co. v. Duke, Okl., 294 P.2d 298; Governair Corp. v. District Court of Oklahoma County, Okl., 293 P.2d 918.

However, claimant contends the case at bar is an exception to the rule for the reason that the crossing of the railroad tracks created a peculiar hazard for the deceased and the "exception extends coverage where the accident happens on a public road or railroad crossing adjoining the work premises." Claimant argues that this court considered and recognized said exception in the cases of Swanson v. General Paint Company, Okl., 361 P.2d 842, and Walk v. S. C. Orbach Co., Okl., 393 P.2d 847. We do not

think the cited cases established such an exception as urged by claimant.

In the Swanson case, the deceased was walking from a parking lot of his employer across a public highway to his employer's place of business when he was struck by an automobile and killed. The injury in that case therefore occurred in going from one portion of the employer's premises to another portion by the usual route. In so doing, it was necessary to cross the highway. In that case, we said:

"We think that the proper rule is that where the only route from one portion of an employer's premises used by the employee to the portion of employer's premises where the labor of employee is performed necessitates the crossing of a highway which is a special hazard, that injury incurred on such highway crossing arises out of and in the course of employment."

In the case at bar, deceased was not crossing from one portion of employer's premises to another, nor was the route he was traveling necessarily the only route he could use in going to his work.

In the Walk case, petitioner therein was attacked by purse snatchers when she left her place of employment and walked toward the parking lot where she and her fellow employees parked their cars. Petitioner asserted "she was required to walk to and from her car every day to perform her duties which subjected her to assaults from purse snatchers to an abnormal degree, inasmuch as the average person would not have occasion to frequent the parking area regularly." It was urged "that the injury arose out of and in the course of the employment because of the requisite elements of time, place and causal relationship the petitioner thereby being subjected to the hazard in an abnormal degree." In sustaining the Industrial Court's order denying the claim, we said:

"The argument cannot sustain the contention relative to the employment. Nothing shows the risk or hazard under which petitioner allegedly labored to have been peculiar to the work. Neither does it appear that the attempted assault was any more common near this parking lot than it was in the entire area."

In the instant case, nothing shows the risk of crossing the railroad tracks, where deceased was killed, to have been peculiar to his work.

■ This court has held the following to be exceptions to the above set forth general rule. They are: (1) where the employee was going to or returning from his place of work to perform a special task, outside his regular hours, at the request of his employer and for his employer's benefit; (2) where transportation is furnished to and from work by the employer; and (3) where employee, on his way to or from work, is still charged with some duty or task in connection with his employment. See McMurtrey v. American Association of Petroleum Geologists, supra; Norvill v. Paul Hardeman, Okl., 377 P.2d 208; Novak v. McAlister, Okl., 301 P.2d 234; Thurston Chemical Co. v. Casteel, Okl., 285 P.2d 403; R. J. Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980.

It was stipulated that deceased was on no special mission for his employer, that he was not furnished transportation by his employer, and that he was not charged with some duty or task in connection with his employment. Deceased was to report to work at 7:30 A.M. His accident occurred at 6:40 A.M. He had not been requested to report to work at an earlier than normal time. In fact there was no evidence that deceased was even on his way to work at the time of the accident.

We do not find the facts in this case to be such as to bring it within one of the above set forth exceptions.

■ The question of whether an injury sustained by an employee arose out of and in the course of his employment is one of fact to be determined by the State Industrial Court, and where there is any evidence reasonably tending to support that

Court's finding, it will not be disturbed on review. Graham-Michaelis Drilling Co. v. Atkins, Okl., 397 P.2d 658; Townley's Dairy v. Gibbons, Okl., 395 P.2d 947; Long v. Honeycutt, Okl., 393 P.2d 866; ·Terry Motor Co. v. Mixon, Okl., 361 P.2d 180; Garr v. Collins, 208 Okl. 113, 253 P.2d 838.

We hold claimant did not meet the burden of proof necessary to establish that the death of deceased arose out of and in the course of his employment, and that there is evidence reasonably tending to support the order of the lower court in denying her claim for compensation on these grounds.

Order sustained.