Earl A. RILEY, Jr., Petitioner,

v.

CIMARRON–EMPIRE CONSTRUCTION COMPANY, United States Fidelity and Guaranty Company and the State Industrial Court, Respondents.

No. 41867.

Supreme Court of Oklahoma.

Nov. 22, 1966.

C. Lawrence Elder, Tulsa, for petitioner.

Sanders, McElroy & Whitten, Tulsa, Charles Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding to review an order of the State Industrial Court en banc denying the claim of Earl A. Riley, Jr., for compensation for disability resulting from a cardiac condition assertedly produced by work induced strain. The respondents have resisted the claim denying liability on the theory that the claimant did not sustain an accidental injury within the purview of the Workmen's Compensation Law and that the physical condition of the claimant was not the result of any accidental injury sustained while engaged in hazardous employment by the respondent.

Claimant was employed by the respondent on a road building project in the vicinity of Lawton, Oklahoma. Claimant made his home in Tulsa. The claimant was employed as an assistant superintendent and testified that he worked from twelve to fourteen hours per day, usually from 6 A.M. to 7 P.M. Claimant commenced work on the project around September 1, 1963, and on Friday, November 1, 1963, he was able to leave the job early and was driving on the Turner Turnpike to Tulsa to spend the weekend with his family, when he felt a pain sensation, or a tingling sensation, in his left arm, which he described as a stiffness, and also a pain in his chest. These sensations were but briefly felt, and claimant continued his journey home. He arrived at his home, ate his evening meal and retired. He awoke Saturday and felt normally well that day. Sunday passed uneventfully except some relatives came for dinner. Claimant, after having had a large dinner with his guests, retired and awoke at around 12:30 A.M., Monday, November 4, 1963, suffering "a tremendous pressure on my chest and broken out in a cold sweat." Dr. C who lived nearby was summoned and treated the claimant at home, and later on the same day at the clinic with which Dr. C was associated. Claimant became a hospital patient that day and remained in the hospital until December 13, 1963. He was later again hospitalized for three weeks commencing in May, 1964.

Claimant testified that the road building job was behind schedule, that it was necessary for him in a supervisory capacity to work long hours, and that he often moved materials and equipment himself, some of which equipment would weigh as much as 150 pounds; that there was no particular exertion on his part on November 1, 1963, that was extraordinary, and that the working day was singular only in that he was able to leave the job site early, to start home. Although the work day of November 1, 1963, was described by the claimant as

particularly hectic because the roadbed grade had not been prepared for paving, he normally felt "pushed" because the job was behind schedule.

The record is replete with expert medical testimony adduced by the respective adversary interests. Such testimony is in agreement that claimant suffered a coronary occlusion as an incident of ischemic heart disease. The medical testimony, however, is conflicting as to the heart condition of claimant being caused or precipitated by an accidental injury or exertion sustained in the cause of or arising out of his employment. The medical witnesses also agree that the claimant suffers also an esophageal hiatus hernia, unrelated to injury within the purview of the Workmen's Compensation Law, as to cause. One of claimant's doctors was of the opinion that the hernia "had a part on bringing on the heart attack."

▆▆▆ Disability attributable to a cardiac condition caused or precipitated by antecedent strain or exertion arising out of and in the course of hazardous employment constitutes an accidental injury within the meaning of the Workmen's Compensation Law and the issue of whether or not the injury arose out of and in the course of hazardous employment is a factual question, for determination by the State Industrial Court. Young v. Neely, Okl., 353 P.2d 111; Reints v. Diehl, Okl., 303 P.2d 641. Such question of fact may be proved by circumstantial evidence which need not rise to the degree of certainty which would exclude every reasonable conclusion other than the conclusion reached by the trial court. Rigdon & Bruen Oil Co. v. Beerman, Okl., 346 P.2d 169. The question of whether an injury sustained by an employee arose out of and in the course of his employment is one of fact to be determined by the State Industrial Court, and where there is any evidence reasonably tending to support the finding, it will not be disturbed on review. Nebo Oil Company v. Wright, Okl., 406 P.2d 266; Griffin v. Flint Steel Corp., Okl., 405 P.2d 63.

The pattern of proof necessary to establish an accidental injury from work-connected strain or exertion consists of lay testimony concerning the nature of the labor performed by the workman at the time of injury and expert opinion that the exertion attendant upon such activity as shown by evidence was sufficient to produce and did produce the strain to which disability is sought to be ascribed. Both of these evidentiary components must be adduced before the fact of accidental injury and strain be established. Berryhill v. Prudential Premium Co., Okl., 394 P.2d 520.

The claim of Mr. Riley was adjudicated adversely to him by the trial judge whose denial of award was unanimously affirmed by the State Industrial Court en banc. A searching review of the record discloses that there is adequate evidence of a credible nature to support the trial court's denial of award. The existence in the record of evidence from which the trial court might have come to a contrary conclusion is immaterial under the law applicable to review of findings of the State Industrial Court.

The order of the State Industrial Court en banc is sustained.