JUSTO RIVERA OSORIO, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. CI-66-17.     Decided April 5, 1968.

*Guillermo Atiles Moréu* for petitioner. *Donald R. Dexter* for the Manager of the State Insurance Fund.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This is a case of an accident which occurred on a highway. The injured party claims compensation under the Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 *et seq*. The Manager of the State Insurance Fund as well as the Industrial Commission denied the compensation on the ground that this accident was not covered by the Act. The facts may be summarized as follows:

Petitioner was an employee of the San Juan Mercantile Corporation. The day of the accident he began work at 4:00 p.m. and left at 10:50 p.m. After he left the employer's

premises and while he walked along the road which leads from the pier area to Kennedy Avenue he was injured by an automobile. At the hearing before the Industrial Commission petitioner testified that at the time of the accident he had walked about 500 meters from the place he worked and was about 80 meters from the place where he usually waited for the bus. In said return trip to his house petitioner was not performing any duty whatsoever for the benefit of his employer or connected with his work. It was his usual daily customary return trip to his home.

The position of the Commission is that it is a traffic accident produced by the street risks and not a labor accident. In his memorandum, the Manager of the Fund, who was affirmed by the Commission, stated it as follows:

"The accidents occurring while en route to and from work are not risks inherent to the worker's occupation or employment, but rather street risks to which all citizens are exposed."[1]

Petitioner assigns the following four errors: (1) that the Commission erred in not consenting to an inspection of the place where the accident occurred; (2) that it erred in failing to decide that said place is part of the area of the risk created by the employment; (3) that it erred in failing to consider this case as an exception to the going and coming rule; and (4) that it erred in failing to decide that said rule is not applicable to petitioner.

■ The first error assigned was not committed. The granting of an inspection rests upon the sound discretion of the trial court, and in this case, of the Commission. *Rodríguez* v. *Alcover*, 78 P.R.R. 783 (1955); *Martínez* v. *Martínez*, 68 P.R.R. 191, 195 (1948); *Jiménez* v. *Fletcher*, 67 P.R.R. 153, 155 (1947).

---

[1] As to the "street risks" rule see *Gallart, Manager* v. *Industrial Commission*, 87 P.R.R. 16 (1962), at page 23 and the authorities cited therein.

■ We shall discuss the remaining three errors jointly, since they are intimately related to each other. As to the principal contention of the case, petitioner's position is that it is an exception to the going and coming rule. As it is well known, the meaning of this rule is that the accidents occurred while the person is en route to or from his work are not compensable under the Workmen's Accident Compensation Act, unless special circumstances concur which make it a labor accident. *Valentín Nadal v. Industrial Commission*, 94 P.R.R. 630 (1967) ; *Gallart, Manager v. Industrial Commission*, 87 P.R.R. 16 (1962) ; *Atiles, Manager v. Industrial Commission*, 72 P.R.R. 390 (1951) ; *Figueroa v. Industrial Commission*, 72 P.R.R. 472 (1951) ; *Atiles, Manager v. Industrial Commission*, 66 P.R.R. 414 (1946) ; *Ríos v. Industrial Commission*, 66 P.R.R. 385 (1946) ; *Bacó v. Industrial Commission*, 52 P.R.R. 836 (1938) ; *Mark's Dependents v. Gray*, 167 N.E. 181.

■ It is generally known, we believe, that the Workmen's Accident Compensation Act is applicable to the persons injured in "accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment, and as a consequence thereof; or such as suffer disease or death caused by the occupations." 11 L.P.R.A. § 2. Naturally, the Act neither had nor has the purpose of constituting an insurance against all kinds of automobile accidents which workers and employees might suffer. That is why the aforementioned going and coming rule was originated: labor accidents occurring while worker or employee is en route to and from work are not covered by the Act. However, since the cases which occur in real life are not organized according to rules and concepts produced by the judges, the courts started to confront cases in which the strict application of said rule would have produced an injustice and in order to avoid this the courts were and are constrained to acknowledge exceptions.

■ By exception, accidents which occur during such trips are generally compensable under said Act when one of two kinds of circumstances occur. One, that the trip, in addition to being justified by the worker's necessity of going from his home to his work or vice versa, is also justified because it was made for the purpose of doing something inherent to his employment. The other circumstance which makes the accidents which occur in these trips compensable is when by reason of the location of the place of work or by other reasons the employer has created a special hazard to the employee. That is, when the employer has created a hazard to which ordinarily the employee would not have been exposed unless by reason or consequence of his work.[2] For examples of exceptions to the going and coming rule see *Gallart, Manager v. Industrial Commission,* 87 P.R.R. 16, 21 (1962) ; Larson, The Law of Workmen's Compensation, § 15.00 and 14 NACCA L.J. 39–41 (1954).

■ We agree with the Manager and with the Industrial Commission in the sense that the case at bar does not present an exception to the going and coming rule. In *Gallart, Manager v. Industrial Commission, supra,* we have already stated at page 24 that we would decide these cases on the merits by determining whether there existed or not a causal nexus between the injury and the employment. The case at bar deals with a trip going from the work to the house, and the employment-injury causal relationship is not present therein, which would make the accident compensable. Nor is it correct to state that the employer created a special-hazard situation. This is not a route almost compulsory by the circumstances of the employment, which consisted in crossing a river, *Gallart, Manager v. Industrial Commission, supra,* or which required the crossing of the railway tracks, *Bountiful Brick Co. v.*

---

[2] On dual-purpose trips see *Heirs of Pérez Puerta v. Industrial Commission,* 94 P.R.R. 531 (1967), and Larson, The Law of Workmen's Compensation, § 18.00.

*Giles;* 276 U.S. 154, nor any such circumstance. On the contrary, petitioner was walking along a public highway and he was exposed to the risks to which unfortunately and unavoidably every person traveling on a public highway is exposed. Naturally, it would be desirable that all workers and employees were protected in the going and coming trips[3] and it would be much more desirable that all the victims of traffic accidents and their dependents were protected.[4]

The workmen's accident compensation laws emerged when the industrialized societies realized that labor accidents would occur anyway and that it was desirable to protect the victims. It seems that it is high time that those selfsame societies realize that traffic accidents are practically unavoidable, and that it is desirable that their victims be protected. On this particular see Keeton and O'Connell, Basic Protection for the Traffic Victim (1965), Boston, Little, Brown & Co.; by the same authors, *"The Basic Protection Plan for Traffic Accident Cases,"* 43 Notre Dame Law. 184 (1967); also the symposium *"Automobile Compensation Plans,"* 51 J. Am. Jud. Soc'y 148 (1967); O'Connell, *"Basic Protection—Relief for the Ills of Automobile Insurance,"* 27 La. L. Rev. 647 (1967).

■ In connection with the last assignment petitioner argues that the going and coming rule does not apply to the workers who are on call 24 hours a day and seven days a week. We need not decide now whether this is true or false since that situation does not concur in the case at bar. There is nothing in the evidence to show it. In *Malavé* v. *Industrial Commission,* 69 P.R.R. 61 (1948), the accident did not occur as a result of any going and coming trip. It occurred when the employee fell from the second story of a hotel and while he was on duty. The injured party was a chauffeur who had driven a baseball team from Ponce to Mayagüez and

[3] See House Bill No. 335 of the year 1961. Obviously, such a thing entails economic considerations.

[4] See, also, House Bill No. 874 of the year 1968.

was instructed to lodge in the same hotel with the ball players and be subject to call all the time. Said case is very different from the one at bar. *Montaner* v. *Industrial Commission*, 52 P.R.R. 16 (1937), cited by petitioner, is not applicable either. In said case the worker Fructuoso Serrano suffered an injury to a finger "while working on the dock of his employer." Nothing was decided there as to the going and coming rule. The question raised there concerned the computation of compensation for temporary disability.

For recent cases of accidents suffered by employees who assume street risks to which everybody is exposed, and which were decided consistently with this opinion, see *Pariser Bakery* v. *Koontz*, 212 A.2d 324 (1965); *Snodgrass* v. *Douglas Aircraft Co.*, 406 P.2d 463 (1965); *Greydanus* v. *Industrial Acc. Comm'n*, 43 Cal. Rep. 795 (1965); and *Verret* v. *Travelers Ins. Co.*, 166 So.2d 292 (1964).

For the reasons stated the decision of the Industrial Commission appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.

